**Wade H. COOPER, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7816.**

United States Court of Appeals
Fourth Circuit.

Argued March 18, 1959.

Decided March 20, 1959.

Wade H. Cooper, pro se.

Arthur I. Gould, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on brief), for respondent.

Before HAYNSWORTH, Circuit Judge, and BOREMAN and STANLEY, District Judges.

PER CURIAM.

We are concerned with the petitioner's income tax liabilities for the year 1952. The Tax Court entered an order confirming the Commissioner's determination, and the taxpayer has brought the case here.

In 1925 the taxpayer, Cooper, acquired all of the outstanding stock of a corporation known as the Bureau of National Literature, the publisher of a set of books known as "Messages and Papers of the Presidents." The corporation had been experiencing financial difficulty and a few years later it voluntarily went into liquidation and wound up its affairs. As a result of the liquidation, the taxpayer became the owner of the copper plates from which the set of books had been printed. These copper plates had been in storage in Chicago and there they remained through all the intervening years until in 1952 the taxpayer was sued for accrued storage charges, aggregating $5,168. This suit was discontinued before trial upon the transfer by the taxpayer of title to the copper plates in settlement of the claim for storage. The taxpayer introduced evidence tending to prove that the copper plates had value as scrap in excess of the total of the storage charges.

On his 1952 return, filed on the cash basis, the taxpayer deducted the amount of the claim for storage charges, together with an additional amount claimed as depreciation and obsolescence of the copper plates. These deductions were disallowed by the Commissioner and the Tax Court upheld the Commissioner's determination.

The petitioner, with apparent earnestness, presses upon us the rule that expenses incurred in the conservation or maintenance of property, held for the production of income, are deductible even though the property actually produces no income in the year in which the expenses are incurred. The conclusion of the Tax Court, however, is no departure from the principle that the taxpayer advances, for the conclusion of the Tax Court was based upon the broad finding that the copper plates were not held by the taxpayer in 1952 for the production of income. The facts clearly support that finding. The plates apparently had been in storage for something like thirty-four years, and the taxpayer has presented nothing to indicate that in 1952, or in the years immediately preceding, he had any reasonable plan or hope that the plates would again be used for the printing of books. There is no evidence that the taxpayer ever used these copper plates to print books. He says that at the time of the liquidation of the Bureau of National Literature he hoped to resume the business formerly conducted by that corporation when economic conditions improved, but he admits that such hope vanished as taxes and the cost of paper, labor, printing and selling increased.

The Tax Court seems clearly correct when it concluded that this storage expense was not incurred by the taxpayer for the preservation or maintenance of property held for the production of income.

■ In support of his claim of a deduction for depreciation and obsolescence of the copper plates in 1952, the taxpayer principally concerns himself with an attempt to establish a cost basis of the copper plates in his hands. Judge Murdock stated that the taxpayer had not established his "adjusted basis," [1] but the real reason for the conclusion of the Tax Court in this regard is that the plates were not used by the taxpayer in 1952 in any trade or business, nor were they held by him for the production of income, so that he cannot qualify for a deduction for depreciation or obsolescence under § 23(*l*) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(*l*).

■ During 1952 the taxpayer paid to Trinity College and Columbia University certain expenses incurred by his grandson in connection with his education. These sums the taxpayer claimed were deductible as charitable contributions. Obviously these expenses were incurred and paid for the benefit of the grandson, and under the plain language of § 23(*o*) of the Internal Revenue Code of 1939 cannot be deducted as contributions.

■■ Next the taxpayer claimed a deduction of $378 paid by him in connection with the maintenance of rental real estate in Washington, D. C. Title to this real estate had been held in the name of the taxpayer's son until the death of the son, at which time the title apparently passed to the taxpayer's daughter-in-law. The taxpayer refers to the well-established principle that taxation of the net income from property is not dependent upon the technicalities of title, but upon "economic realities." The taxpayer frankly concedes, however, that all of the income from the rental real estate inured to the benefit of his daughter-in-law. His payment of certain expenses in connection with the maintenance of the real estate does not establish that he was the owner, in substance if not in form, of the real estate. He proves no more than that he made a gift for the benefit of his daughter-in-law.

The taxpayer, who represented himself in the Tax Court and in this Court, finds other fault with statements in the opinion of the Tax Court, in its findings of fact and in statements of the presiding judges in the record of the proceedings. Because the taxpayer is not represented by an attorney skilled in the field of taxation, we have examined all of his contentions with care, but it appears obvious that the taxpayer's complaints stem from his own lack of familiarity with applicable principles of taxation, and none of his contentions, except those particularly mentioned above, go to the merits of the case or affect a correct computation of his tax liabilities.

Affirmed.

---

1. The taxpayer's principal endeavor is to establish his initial cost basis. Apparently, upon his income tax returns for prior years, he had never claimed anything for depreciation or obsolescence of the plates, but if they ever had any depreciable basis in his hands, it is evident that, long since, they should have been depreciated to their scrap value.