JOHN P. DAVIDSON, JR., AND MARY R. DAVIDSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 732–62. Filed July 23, 1964.

*Duncan Davidson*, for the petitioners.
*Eugene L. Wilpon*, for the respondent.

PIERCE, *Judge:* The Commissioner determined a deficiency of $89.86 in the petitioners' income tax for their taxable year 1959. This deficiency resulted solely from the Commissioner's determination that the amount of $408.50 which the principal petitioner paid during said taxable year through withholdings from his salary, as his employee contributions to the qualified pension and insurance plan of his employer, does not constitute an allowable deduction under section 162 or any other section of the Internal Revenue Code of 1954. The sole issue to be here decided is the correctness of this determination.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and all exhibits identified therein are incorporated herein by reference.

The petitioners, John P. Davidson, Jr., and Mary R. Davidson, are husband and wife residing near Albany, N.Y. They filed a joint income tax return for their taxable calendar year 1959 with the district director of internal revenue at Albany. The wife is a party to this proceeding solely by reason of having joined in the filing of said return; and the husband is hereinafter referred to as the petitioner.

In the fall of 1956, petitioner made an arrangement with Rensselaer Polytechnic Institute, located in Troy, N.Y., to be employed as an assistant professor in said institute's physics department. He began such employment on February 1, 1957; and shortly thereafter on February 28 of the same year, he executed a written contract with the institute, under which he agreed to act in this same capacity for 3 academic years beginning on September 1, 1957, and ending on June 30, 1960, at a salary of $6,600 per year to be paid in monthly installments. This contract provided that it could be terminated by either party on June 30 of any year, upon written notice given not later than April 1 of that year. The contract was never so terminated. For the calendar year 1959 here involved, petitioner received from the institute salary in the increased amount of $9,930.13. And at the time of the trial herein, which was more than 6½ years after the beginning of his employment, petitioner was still serving the institute in the more advanced position of associate professor.

Rensselaer Polytechnic Institute had, at all times since October 1, 1944, a qualified retirement pension and insurance plan for the benefit of members of its faculty and certain other employees. From time to time this plan was revised and amended, with a view to improving and enlarging the employee benefits thereunder; and also at various times (and more particularly as of October 1, 1953, October 1, 1957, and October 1, 1960), printed booklets were issued by the institute to its employees, which set forth the provisions and highlights of the plan as amended, showed the amounts of the contributions thereto which were to be made by the institute and by member-employees, and also explained the nature of the benefits which would accrue to the employees thereunder.

Effective as of October 1, 1957, both the pension benefits and the life insurance benefits under the plan were funded with a qualified insurance company, under group contracts; the amounts of the institute's contributions thereto were increased to approximately 8 percent of each member-employee's monthly earnings; and the amount of each employee's contributions continued, as before, to be approximately 6 percent of his earnings. The plan specifically provided that, if any employee left the service of the institute prior to retirement, he thereupon would become entitled to a return of all the contributions made by him since October 1, 1957, together with interest thereon. And the plan also provided in part:

The Institute expects that all Faculty members and all Officers of the Administrative Staff, who are eligible for the Plan, will not only join the Plan when they are first eligible, but will remain in the Plan just as long as they are in the service of the Institute. * * *

Petitioner received a copy of one of these explanatory booklets, at or about the time he commenced his employment with the institute.

On October 1, 1957, petitioner became eligible to participate as a member of said pension and insurance plan; and thereupon the institute commenced to make withholdings from his monthly salary payments, to cover his employee contributions thereto. Shortly after the first of these withholdings was made, petitioner called upon one of the officials of the institute, and there indicated that he wished to terminate his participation in said pension and insurance plan. Said officer thereupon informed petitioner (apparently with reference to the above-quoted provision, that all faculty members were expected to become and remain members of the plan as long as they were in the service of the institute) that the only way he could terminate his participation in the plan was to terminate also his employment contract with the institute. The result of this discussion was that petitioner thereupon elected not to terminate his employment contract; that he continued at all times subsequent, including the taxable year here involved, to be a participating member of the plan; and that he also continued at all such times to permit the institute to make withholdings from his monthly salary payments to cover his employee contributions to the plan.

In the joint income tax return which petitioner and his wife filed for the taxable year 1959 (which year included part of the final period of his 3-year employment contract), petitioner deducted under the designation of "Deductions for involuntary pensions," the amount of $408.50 which was the amount which he had paid in said year as his employee contributions to said pension and insurance plan. The Commissioner, in his notice of deficiency herein, disallowed this claimed deduction on the basis of the determination hereinabove mentioned.

### OPINION

It is our opinion that the Commissioner's disallowance of said claimed deduction was and is correct, for each of the following reasons:

(1) Petitioner's payment of said amount of $408.50 constituted a capital expenditure for the acquisition of pension benefits and life insurance benefits, and, as the Commissioner determined, it did not constitute a deductible item under section 162 or any other section of the 1954 Code. His contributions to the cost of these benefits were substantially less than the total actual cost thereof, by reason of the additional contributions which were made by the institute. And, in the event that he subsequently terminated his employment with the institute prior to his retirement date, he then would become entitled to have all of his contributions returned to him with interest. Hence, he was, in effect, making periodic payments toward the purchase of investments, which he could, if he desired, recover without loss. See in this connection T.D. 3112, 4 C.B. 76 (1921), cited with approval in *Miller*

v. *Commissioner*, 144 F. 2d 287 (C.A. 4), affirming 2 T.C. 267, wherein it was ruled that amounts withheld from the basic salary of employees in the Civil Service of the United States were payments made toward the purchase of annuities and are not allowable deductions for income tax purposes. See also to the same effect Rev. Rul. 58–141, 1958–1 C.B. 101.

(2) The amount so paid by petitioner, even if it can be regarded as an "expense," constituted an item of "personal * * * or family expenses" within the meaning of section 262 of the 1954 Code; and under the provisions of this section is not deductible. The purpose of such contributions was to provide an annuity for the personal benefit of petitioner on which payments would commence at the time of his retirement and continue during the remainder of his life, and also life insurance under which payment would be made at his death to his widow or other beneficiaries, or to his estate. See in this connection I.T. 4005, 1950–1 C.B. 47, wherein the Internal Revenue Service ruled that amounts deducted from employees' wages to provide benefits under the New York workmen's compensation law did not constitute ordinary and necessary expenses under section 23 (a)(1)(A) of the Internal Revenue Code of 1939 (cognate to section 162(a) of the 1954 Code); but rather, that such amounts constituted personal expenses and were not deductible in computing net income for Federal income tax purposes.

(3) Petitioner has cited no decision or other authority which would tend to indicate that the item in question is deductible under any provision of the 1954 Code; and our examination has failed to reveal any such authority.

We decide the issue for the respondent.

*Decision will be entered for the respondent.*