**Archibald and Dorothy SIMENSTAD, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 46814.

United States District Court, N. D. California.

Jan. 4, 1971.

Gino P. Cecchi, San Francisco, Cal., for plaintiffs.

James L. Browning, Jr., U. S. Atty., Gary K. Shelton, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW; ORDER DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT.

WOLLENBERG, District Judge.

This is a claim for refund of taxes paid for the year 1962. The matter was tried before the Court on October 23, 1970. The Court, pursuant to Rule 52 of the Federal Rules of Civil Procedure, now makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiffs are husband and wife and reside in San Rafael, California.

2. Plaintiffs filed with Defendant's District Director of Internal Revenue at San Francisco, California, a joint federal income tax return for the calendar year 1962 and paid the tax shown on that return.

3. Thereafter, Plaintiffs filed a timely claim for the refund of $453.45 in income taxes paid for the calendar year 1962.

4. The complaint in this action was filed more than six months after the filing of plaintiffs' refund claim.

5. At all times relevant to this action, Archibald M. Simenstad (hereinafter referred to as the "Plaintiff") was a state-licensed Bar Pilot for the San Francisco, San Pablo and Suisun Bays.

6. Bar Pilots for the San Francisco, San Pablo and Suisun Bays (hereinafter referred to as the "Bar Pilots") are licensed by the State Board of Pilot Commissioners for the Bays of San Francisco, San Pablo, and Suisun (hereafter referred to as the "Pilot Commissioners"). (Calif. Harbors & Navig. Code, §§ 1150, 1160.)

7. The Bar Pilots licensed by the Pilot Commissioners have exclusive authority to pilot vessels from the Pacific Ocean through the Golden Gate into San

Francisco, San Pablo and Suisun Bays and from these Bays through the Golden Gate into the Pacific Ocean. (Calif. Harbors & Navig. Code, § 1160.)

8. At all times relevant to this action, the Plaintiff was affiliated with the *San Francisco Bar Pilots* and was a member of the San Francisco Bar Pilots Benevolent and Protective Association.

9. The *San Francisco Bar Pilots* is an affiliation of the individual Bar Pilots who are appointed and licensed by the Pilot Commissioners. The *San Francisco Bar Pilots* is not a corporation, partnership, or other legal entity.

10. The San Francisco Bar Pilots Benevolent and Protective Association (hereafter referred to as the "Association") is a corporation duly incorporated under the laws of the State of California. Membership in the Association is limited to Bar Pilots appointed and licensed by the Pilot Commissioners. The present cost of membership in the Association is $20,000.

11. Affiliation with the *San Francisco Bar Pilots* and/or membership in the Association is not a requirement of any law or regulation, but at all times relevant to this action, all Bar Pilots licensed by the Pilot Commissioners were affiliated with the *San Francisco Bar Pilots* and were members of the Association.

12. All pilot boats, the marine and office equipment, and other property used by the *San Francisco Bar Pilots* in the conduct of their pilotage operations and business are owned by the Association. The pilot boats are chartered by the *San Francisco Bar Pilots* from the Association. The purpose for placing in the Association the ownership of the pilot boats, marine and office equipment and other property used by the *San Francisco Bar Pilots* was to remove such property from any of the liabilities of the *San Francisco Bar Pilots*.

13. The Association has no employees and pays no salaries. The Association's primary source of income is from rental of the pilot boats to the *San Francisco Bar Pilots*.

14. The *San Francisco Bar Pilots* employ and pay the salaries of an office staff and of the crews of the pilot boats chartered from the Association. Bar pilotage fees are paid by the ships piloted solely to the *San Francisco Bar Pilots* and not to individual Bar Pilots or to the Association. All income from bar pilotage and other sources received by the *San Francisco Bar Pilots* is pooled and the costs of pilot boat rentals, salaries and other expenses are subtracted therefrom, and the net income is then divided and distributed monthly among the individual Bar Pilots.

15. At all times relevant to this action, plaintiff and all other Bar Pilots appointed and licensed by the Pilot Commissioners were self-employed and were not employees of the *San Francisco Bar Pilots* or of the Association.

16. The San Francisco Bar Pilots Pension Plan Trust Agreement (hereafter referred to as the "Trust Agreement") is an agreement between the Association and its members to provide a pension for those members of the Association who have retired as active Bar Pilots because of age or physical disability.

17. The by-laws of the Association require that each applicant agree to and sign the Trust Agreement. Each applicant for membership in the Association signs a formal statement subscribing to the Trust Agreement and Plaintiff signed such a statement upon his applying for membership in the Association.

18. The reason for establishing this requirement that all members of the Association must agree to and sign the Trust Agreement was that, because of the small number of Bar Pilots, the Association determined that a pension plan for its members was feasible only if every member of the Association made contributions to the plan.

19. The terms of the Trust Agreement provide that each member of the Association is required to contribute

**1252**

$100.00 per month to the trustees under the Trust Agreement.

20. Plaintiff made a total of $1,200 in contributions to the trustees under the Trust Agreement during the calendar year 1962.

21. The Trust Agreement did not create or constitute a "qualified pension or profit sharing plan of an employer" within the purview of Section 401 of the Internal Revenue Code of 1954 (26 U.S.C. § 401).

22. Any of the following conclusions of law which should properly be deemed findings of fact are hereby found as fact.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and this action. 26 U.S.C. § 7422; 28 U.S.C. § 1346(a) (1).

2. In a suit for the refund of federal taxes, the Government's determination of tax liability is presumptively correct and the taxpayer has the burden of showing that determination to be erroneous. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933).

3. Plaintiff contends that the $1,200 he contributed in 1962 to the trustees under the Trust Agreement was an ordinary and necessary expense incurred in the carrying on of a trade or business and therefore deductible under 26 U.S.C. § 162.

4. However, expenditures in the nature of capital outlays are not deductible as ordinary and necessary business expenses under 26 U.S.C. § 162. Welch v. Helvering, *supra*. Capital expenditures, which, if deductible at all, must be amortized over the useful life of the asset. Commissioner of Internal Revenue v. Tellier, 383 U.S. 687, 86 S.Ct. 1118, 16 L.Ed.2d 185 (1966).

5. Plaintiff's expenditure of $1,200 in 1962 under the Trust Agreement constituted a capital expenditure for the acquisition of pension and related benefits and such expenditure did not constitute a deductible expense under 26 U.S.C. § 162 or any other provision of the Internal Revenue Code of 1954. Davidson v. Commissioner, 42 T.C. 766 (1964); Casey v. Commissioner (decided October 26, 1965) P–H Memo T.C. Sec. 61,227.

6. However, even if the contribution in question was not a capital expenditure, such contribution would constitute an item of "personal * * * or family expense" within the meaning of 26 U.S.C. Section 262 and therefore would be nondeductible under that provision. Davidson v. Commissioner, *supra*.

7. The fact that "but for" membership in the pension plan plaintiff could not have become a member of the Association, and "but for" membership in the Association plaintiff may not have been able to work profitably as a Bar Pilot does not make the contribution deductible as an ordinary and necessary business expense under 26 U.S.C. § 162. Davidson v. Commissioner, *supra*; Casey v. Commissioner, *supra*; see also Smith v. Commissioner, 40 B.T.A. 1038 (1939), aff'd. per curiam 113 F.2d 114 (C.A.2d 1940); Kroll v. Commissioner, 49 T.C. 557 (1968).

8. Defendant is entitled to judgment against plaintiffs dismissing plaintiffs' complaint and this action with prejudice and for its costs.

9. Any of the findings of fact made herein which should properly be deemed conclusions of law are hereby made conclusions of law.

Judgment shall be entered in accordance with the foregoing findings of fact and conclusions of law.