James Summers v. Commissioner.
Summers v. Commissioner
Docket No. 5895-69 SC.
United States Tax Court
T.C. Memo 1971-11; 1971 Tax Ct. Memo LEXIS 322; 30 T.C.M. (CCH) 58; T.C.M. (RIA) 71011; January 18, 1971, Filed James Summers, pro se, 8555 Birwood, Detroit, Mich., Robert T. *323 Hollohan, for the respondent. 59 FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's income tax for 1967 in the amount of $476.15. Three issues are presented for decision: (1) Whether respondent erred in reducing the amount of a deduction allowable for charitable contrbcutions from $1,084.96 to $721; (2) Whether respondent erred in disallowing deductions for amounts withheld from petitioner's salary as social security taxes and as payments to a Michigan State retirement fund; and (3) Whether respondent erred in limiting the deductions for personal exemptions to $600 each for petitioner, his wife, and his four dependent children. Findings of Fact James Summers (hereinafter referred to as petitioner) was a legal resident of Detroit, Michigan, at the time he filed his petition. He filed his income tax return for 1967 with the district director of internal revenue at Detroit, Michigan. Petitioner is a graduate of the Colorado State College of Education. For the eight years preceding the date of the trial, petitioner was employed as a teacher in the public schools of Garden City, Michigan. *324 He is married and has five children, four of whom were dependent upon him for their support in 1967. In his income tax return for 1967, petitioner claimed deductions for contributions in the total amount of $1,084.96 as follows: Indo-Burma Pioneer Mission
$ 240.00
Carver Bible Institute
225.00
Billy Graham Evangelistic Assoc
50.00
Campus Crusade for Christ
50.00
Covenant Baptist Ch.,
First Baptist Ch. Farmington,
Mission (AM) to Greeks, etc 484.96
Total cash contributions
$1,049.96
Other than cash 35.00
Total
$1,084.96 In the notice of deficiency, respondent made the following determination: (a) It is determined that a deduction for contributions is allowable in the amount of $721.00 in lieu of the amount of $1,084.96 reported in your income tax return. The disallowed amount relates to contributions claimed as paid to Covenant Baptist Church, First Baptist Church (Farmington), Mission (AM) to Greeks, and to contributions of property other than cash, in the aggregate amount of $519.96. In the absence of records to substantiate the aforementioned amount of $519.96, it is determined that the contributions paid did not exceed $156.00. Your taxable *325 income is, therefore, increased $363.96. For 1967 petitioner maintained a record book in which he regularly listed cash disbursements, including contributions to churches and other religious organizations. This book reflects expenditures for contributions, other than the gifts to the first four organizations listed in his income tax return, in the amount of $344.26. His charitable contributions during 1967 amounted to a total of $909.26. The parties have stipulated that petitioner is entitled to business deductions in the amount of $25 for a payment to the American Federation of Teachers and $10 for the repair of a typewriter. In his income tax return for 1967, petitioner also claimed "Miscellaneous deductions" in the amount of $2,850 without any further explanation. The notice of deficiency included the following paragraph: (b) It is determined that the amount of $2,850.00, which you entered as an "unexplained" miscellaneous deduction in your income tax return does not constitute an allowable deduction because it has not been established that this amount was expended, or if expended, was for an amount deemed to be deductible for income tax purposes. Your taxable income is, *326 therefore, increased in the amount of $2,850.00. Opinion On the basis of the evidence presented, we are satisfied that petitioner made contributions to various churches and related organizations during 1967 in the total amount of $909.26, as stated in our Findings. The disputed amounts were substantiated by contemporaneous records which he maintained on his cash disbursements, and such contributions are deductible under section 170. [1]
The "Miscellaneous deductions" in the amount of $2,850 consisted of two items: (1) An amount of about $700 claimed to have been withheld from his salary as payments of social security taxes and 60 payments to a Michigan State retirement fund, and (2) an amount of approximately $2,150, which is the difference between the amount petitioner received during the year tax free - the total of his itemized deductions ($5,811.92) plus his personal exemptions ($3,600) less the Federal tax withheld by his employer ($641.71) - and the $10,920.21 required during 1960 to moderately support a family with four children, according to statistics *327 published by the Bureau of Labor Statistics. The law is, of course, well settled that deductions from gross income are matters of legislative grace, and a deduction is allowable only where there is an authorizing rorvision in the law. See, e. g., New Colonial Co. v. Helvering, 292 U.S. 435 (1934). There is no statutory provision authorizing an employee to deduct social security taxes withheld from his salary; indeed, section 275(a)(1)(A) [2] expressly provides that no deduction shall be allowed for such taxes. Nor are petitioner's contributions to the Michigan State retirement fund deductible; such contributions are capital investments toward the acquisition of an annuity which is payable at retirement. See Miller v. Commissioner, 144 F. 2d 287 (C.A. 4, 1944), affirming 2 T.C. 267 (1943); John P. Davidson, Jr., 42 @T.C. 766 (1964); Rev. Rul. 57-326, 1957-2 C.B. 42; Rev. Rul. 58-141, 1958-1 C.B. 101. *328 As to the remaining item, petitioner's argument is without merit. Petitioner may be correct in his position that studies by the Bureau of Labor Statistics indicate that the sum of $10,920.21 is needed for the moderate support of a family which includes four children and that an additional deduction of $2,150 is required to bring his nontaxable income to that sum. But neither the personal exemption provisions, section 151, nor any other provisions of the Code are keyed to those statistics. The Code contains no provision authorizing either respondent or any court to adjust the amount allowable as a personal exemption deduction to reflect a taxpayer's living costs. Failure to provide for such adjustment does not impinge on any guaranteed constitutional rights. "Unquestionably Congress has power to condition, limit or deny deductions from gross income in order to arrive at the net that it chooses to tax." Helvering v. Ind. Life Ins. Co., 292 U.S. 371, 381 (1934); Crowe v. Commissioner, 396 F. 2d 766 (C.A. 8, 1968), affirming per curiam a Memorandum Opinion of this Court. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.↩
2. SEC. 275. CERTAIN TAXES. (a) General Rule. - No deduction shall be allomed for the following taxes: (1) Federal income taxes, including - (A) the tax imposed by section 3101 (relating to the tax on employees under the Federal Insurance Contributions Act);↩