James V. Summers v. Commissioner.
Summers v. Commissioner
Docket No. 282-71.
United States Tax Court
T.C. Memo 1972-117; 1972 Tax Ct. Memo LEXIS 141; 31 T.C.M. (CCH) 463; T.C.M. (RIA) 72117; May 22, 1972, Filed. *141 (1) Held: Petitioner was not entitled to greater deductions for medical expenses, charitable contributions, taxes, and "miscellaneous" expenses than had been allowed by respondent. (2) Held, further: Respondent correctly imposed additions to petitioner's tax under section 6651(a) and section 6653(a). James Summers, pro se, 8555 Birwood, Detroit, Mich. Patrick R. McKenzie, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined the following deficiency and additions to tax against petitioner: *13
Income Tax
Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1968
$887.96
$26.39
$44.40
*142 The deficiency stems from respondent's disallowance either in whole or in part of 464 deductions for interest, taxes, charitable contributions, medical expenses, and "miscellaneous" expenses claimed on petitioner's 1968 income tax return. Findings of Fact Petitioner is James Summers whose legal residence was in Detroit, Mich., at the time the petition was filed. Petitioner filed a joint income tax return for 1968 with his wife Ketty Summers with the central service center, Covington, Ky. Ketty Summers did not join in petitioner's petition to this Court. During 1968 petitioner was employed as a school teacher. On his 1968 return petitioner claimed a deduction of $141.14 for interest paid to Co-op Services Credit Union. During 1968 petitioner paid the credit union $141.14 as interest but received a refund of $12.70 of that payment in the same year. Petitioner claimed a deduction of $652.34 for real estate taxes paid during 1968. Of the amount claimed, $82.35 constituted payment of mortgage insurance to the Federal Housing Authority (FHA). During the year in question petitioner kept a daily disbursement book which purportedly recorded "every penny that comes in and goes *143 out of our household." This book showed that in 1968 petitioner paid $541.69 to various charities and $587.75 for medical and dental fees. Petitioner claimed on his return a total charitable contribution deduction of $1,321.18 [1] comprised of $582.65 of cash contributions and $838.53 in contributions of property. Petitioner donated a typewriter of unknown value to a church school. Respondent allowed petitioner a deduction for contributions of $625. Petitioner took a deduction (before subtracting three percent of his adjusted gross income) of $837.59 for medical and dental fees in addition to claiming $150 for medical insurance. Respondent allowed a medical expense deduction (before subtracting three percent of adjusted gross income) of $473. Petitioner claimed a miscellaneous deduction of $3,678.44 which consisted of amounts paid for social security taxes, payments to the Michigan State Public Retirement Fund, expenses incurred in running unsuccessfully for an elected public office, tuition costs and expenses incurred in sending his children to private school, and an amount *144 paid for state income tax. The amount of the miscellaneous deduction was designed to reduce petitioner's taxable income to zero when combined with other deductions claimed on the return and his allowable personal and dependency exemptions. Petitioner claimed a separate deduction of $73.63 for state and local income taxes which was allowed by respondent. Petitioner mailed his 1968 Federal income tax return to the Commissioner of Internal Revenue on April 26, 1969. Petitioner offered no reason for failing to file the return when due. Petitioner knew that the various items making up his "miscellaneous" deduction were not deductible. Petitioner did not sincerely believe that there was any likelihood that his "miscellaneous" deduction would be allowed if challenged in this Court. Petitioner felt that he was entitled to the deduction because his annual gross income fell short of the amount stated by the Bureau of Labor Statistics to be necessary to support a family of four moderately. Opinion Petitioner objected to respondent's determination of a deficiency on moral and philosophical grounds and because he felt the tax laws should be changed. He did not present any evidence or *145 legal argument to suggest that respondent was incorrect. Petitioner's payments of interest in 1968 amounted to $128.44 after taking into account a refund of $12.70 of 1968 interest which he reecived in that year. Accordingly, respondent correctly increased petitioner's taxable income by $12.70. Of the $652.34 claimed as real estate taxes in 1968, $82.35 constituted payment of FHA mortgage insurance for which there is no provision for deduction in the Code. Respondent correctly disallowed $82.35 of the real estate tax deduction. Even if petitioner's cash disbursement book is accepted as true, petitioner has at best shown that he contributed $541.69 in cash and a used typewriter to various charities. Respondent's allowance of $625 of petitioner's claimed contribution 465 deduction is more than reasonable, and we sustain respondent's disallowance of the balance of the deduction. Petitioner has not furnished us with any receipts or medical bills that indicate how much he spent for medical and dental care in 1968. Although his disbursement book shows that he spent $587.75 for such care, we have no idea to whom petitioner paid this sum. Petitioner did not attempt to expand upon *146 the subject of medical and dental care in his testimony at trial. Petitioner did not attempt to prove that he paid for medical insurance during 1968. Accordingly, we sustain respondent's allowance of only $473 (before subtracting three percent of adjusted gross income) for petitioner's medical expense deduction. Petitioner has brought similar claims for the items making up his "miscellaneous" deduction before this Court with respect to his income tax for 1967 ( James Summers, T.C. Memo. 1971-11). Because petitioner already knows our answer to his several claims and has conceded them to be true at trial, we merely summarize below our reasons and authorities for disallowing the items making up his "miscellaneous" deduction: Item or Claim Making
Up Deduction
Reason for Disallowance
State income tax
Already allowed as separate deduction
Tuition and other expenses for private school for petitioner's children DeJong v. Commissioner, 309 F. 2d 373 (C.A. 9, 1962); New Colonial Co. v. Helvering, 292 U.S. 435 (1934)
Cost of unsuccessful campaign for public office McDonald v. Commissioner, 323 U.S. 57 (1944)
Social Security tax withheld from wages
Sec. 275, [2] I.R.C.
Payments to teachers' retirement fund John P. Davidson, Jr., 42 T.C. 766 (1964)
Petitioner's salary was less than Bureau of La- bor Statistics' minimum for family of four
Helvering v. Ind. Life Ins. Co., 292U.S. 371 (1934)
Federal Income Tax violates 13th Amendment to U.S. Constitution Porth v. Brodrick, 214 F. 2d 925 (C.A. 10, 1954); Abney v. Campbell, 206 F. 2d 836 (C.A. 5, 1953), certiorari denied 346 U.S. 924 (1954)
*147 In view of the above, we sustain respondent's disallowance of petitioner's entire "miscellaneous" deduction. Respondent has imposed additions to petitioner's tax for 1968 under section 6651(a) and section 6653(a). Under section 6702 petitioner's 1968 income tax return had to be filed on or before April 15, 1969. Petitioner admitted that he mailed his return on April 26, 1969, and offered no explanation for his delay in filing. Respondent correctly asserted the late filing penalty under section 6651(a) against petitioner. On his return for 1968 petitioner overstated his charitable contribution and medical expense deductions without the slightest factual basis for his action. By his own admission petitioner knew that several of the items making up his "miscellaneous" deduction were not allowable and that there was no possible theory to support the deduction. At the very least, petitioner's conduct constitutes negligence, and we sustain respondent's imposition of the addition to tax under section 6653(a). Petitioner concluded his brief by commenting that he realized "that this [case] is an exercise *148 in futility." For our part we agree with petitioner because we do not believe that our most patient consideration of his case could ever resolve his disputes with respondent. As respondent has made a concession with respect to petitioner's charitable contribution deduction, Decision will be entered under Rule 50. 466 Footnotes
1. Petitioner made a $100 addition error in his return. The correct total should have been $1,421.18.↩
2. All statutory references are to the Internal Code of 1954, as amended.↩