JAMES SUMMERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Summers v. Commissioner
Docket No. 4426-73.
United States Tax Court
T.C. Memo 1974-162; 1974 Tax Ct. Memo LEXIS 154; 33 T.C.M. (CCH) 695; T.C.M. (RIA) 74162; June 24, 1974, Filed. James Summers, pro se. Thomas Ascher, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1969 in the amount of $1,361.43, and an addition *155 to tax under section 6653(a), I.R.C. 1954, [1] in the amount of $68.07. The issues for decision are: (1) Whether petitioner is entitled to deduct as charitable contributions an amount in excess of $908.29. (2) Whether petitioner is entitled to deduct amounts withheld from his wages as Federal income tax, Social Security tax, and payments to a retirement fund provided by the State of Michigan for teachers in the public school system. (3) Whether petitioner is entitled to deduct as miscellaneous expense an amount which represents his computation of the difference in the wages he received and the amount of income necessary to maintain a moderate standard of living for a family of four. FINDINGS OF FACT Petitioner, a resident of Detroit, Michigan at the time of the filing of his petition in this case, filed a joint Federal income tax return with his wife for the calendar year 1969. [2] On his return petitioner claimed as charitable deductions the following: First Church of The Nazarene
$ 900.00
First Baptist Church, Farmington
100.00
Garden City Board of Education
200.00
St. Johns
360.00
Spring Arbor College
712.00
Y.M.C.A.
22.50
Canadian Keswick
74.25
Miscellaneous 651.33
Total cash contributions
$3,020.08
Contributions other than cash 200.00
Total contributions $3,220.08
*156 The payment of $100 made by petitioner to the First Baptist Church of Farmington was a payment which he made for use of the church and social hall for his daughter's wedding. No member of petitioner's family was a member of the First Baptist Church of Farmington. The $200 which petitioner paid to the Garden City Board of Education and the $712 which petitioner paid to Spring Arbor College were paid as tuition for his children's attendance at school and college. Part of the $200 of other than cash contributions represented art material which petitioner gave to the First Church of The Nazarene. The balance of petitioner's claimed charitable contributions is not explained in the record except for testimony by petitioner of the amount he paid for his children's attendance at schools in other than the locality in which they lived. There is some indication that the $360 paid to St. Johns was a tuition payment. Petitioner on his tax return deducted as State and local income taxes the amount of $1,634.24. This amount was composed of $185.48 of State income tax withheld *157 from his salary, $374.40 of Federal Social Security tax withheld from his salary, $458.23 of Federal income tax withheld from his salary, and $616.13 of retirement payments withheld from his salary. Petitioner on his income tax return deducted as miscellaneous deductions the amount of $3,501.24. This deduction represented the amount petitioner computed would be necessary under the statistics of the Bureau of Labor Statistics of the Department of Labor to maintain a moderate standard of living for a family of four in the Detroit area. Respondent in his notice of deficiency disallowed all except $908.29 of the charitable deductions claimed by petitioner on the ground that no charitable contributions in excess of that amount were verified. Respondent disallowed all of the deductions for State and local taxes claimed except the $185.48 withheld from petitioner's wages as State income tax, and he disallowed the amount of $3,501.24 claimed by petitioner as miscellaneous deductions. OPINION Petitioner has twice been before this Court with issues approximately the same as those involved in the present case. See James Summers, T.C. Memo. 1971-11, and James V. Summers, T.C. Memo. 1972-117, *158 involving the years 1967 and 1968, respectively. To the extent petitioner's claimed deductions and arguments in support thereof are of the same nature in this case as in the prior cases, we stand on our prior opinions in disallowing such claimed deductions. The cost of attendance of a taxpayer's child at a school requiring the payment of tuition, whether it be secondary school or college, is a personal expense and not deductible as a charitable contribution or under any other provision of the Code. Harold DeJong, 36 T.C. 896 (1961), aff'd. 309 F.2d 373 (C.A. 9, 1962), and Cooper v. Commissioner, 264 F.2d 889 (C.A. 4, 1959), affirming a Memorandum Opinion of this Court. The fact that petitioner claims to have sent his children to schools outside their Detroit school district because Detroit has been considered to have "de facto" segregation does not change a personal expense into a charitable deduction. While a contribution to a church is deductible, a payment made to a church for the use of a recreation hall for a wedding is not a "charitable contribution within the meaning of section 170(a), I.R.C. 1954," but is rather a personal living *159 and family expense within the meaning of section 262. A contribution to a charity refers to a gift to that charity and a gift does not include a payment which proceeds primarily from "the constraining force of any moral or legal duty" or from "the incentive of anticipated benefit" of an economic nature. Bogardus v. Commissioner, 302 U.S. 34, 41 (1937), and Commissioner v. Duberstein, 363 U.S. 278 (1960). We therefore sustain respondent's disallowance of the amounts claimed by petitioner as charitable contributions which represent payments for use of a building for his daughter's wedding and to schools and colleges for tuition for his children. Petitioner has failed to substantiate the other items claimed as deductions in an amount exceeding the $908.29 allowed by respondent. As pointed out in both prior cases, section 275(a) (1) specifically prohibits the deduction of Federal income and Social Security taxes and under out prior holdings, contributions to a State teachers' retirement fund are not deductible but are capital investments towards acquiring an annuity. John P. Davidson, Jr., 42 T.C. 766 (1964). Likewise, as pointed out in *160 both other cases, only those deductions from gross income specifically allowed by statute in arriving at net income are proper. There is no provision in the statute for the allowance of a deduction to bring a taxpayer's nontaxable income to a level stated statistically to constitute a moderate level of income for the family petitioner has. Petitioner, at the trial, argued that the payment of Social Security taxes and amounts to a retirement fund are contrary to his religious beliefs and therefore he should be allowed a deduction for these payments in computing his Federal income tax.In our view neither the legislation providing for Social Security tax deductions nor the teachers' retirement fund has been demonstrated by petitioner to be unconstitutional. However, if petitioner could so demonstrate, his remedy would not be to claim a Federal income tax deduction, which in one case is specifically prohibited by statute and in the other not allowed by statute, but rather to recover from the proper governmental agencies the amounts which were withheld from his salary for these purposes. The facts as we have set them forth, showing petitioner to have claimed deductions which were *161 not adequately explained and deductions which he was unable to substantiate, justify the addition to tax for negligence or intentional disregard of rules and regulations provided for in section 6653(a). Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩
2. The record is not clear as to where the return was filed but indicates it was filed in Detroit, Michigan. ↩