WALTER A. ATWOOD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Atwood v. Commissioner
Docket No. 4633-73
United States Tax Court
T.C. Memo 1975-308; 1975 Tax Ct. Memo LEXIS 64; 34 T.C.M. (CCH) 1353; T.C.M. (RIA) 750308; October 7, 1975, Filed Walter A. Atwood, pro se. Thomas F. Kelly, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: The respondent determined a deficiency in petitioner's federal income tax for the calendar year 1971 in the amount of $424.37. The deficiency is based solely upon the inclusion by respondent in petitioner's adjusted gross income of the amount withheld from petitioner's salary and paid into the Civil Service Retirement and Disability Fund, an amount which petitioner had deducted in computing his adjusted gross income. The case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. Hence, all of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. At the time of *65 filing his petition herein, Walter A. Atwood was a resident of Cupertino, California. Petitioner timely filed a federal income tax return with the internal revenue service for the calendar year 1971. During the calendar year 1971, petitioner was employed in a civilian capacity as an engineer by the Department of the Navy, United States Government. He was employed and classified under the United States Civil Service system and received gross wages of $21,227.20. Of such amount, a total of $1,379.76 was deducted from his salary during the year 1971 as payments to the United States Civil Service Retirement and Disability Fund (hereinafter Fund). All benefits and administrative costs were initially paid from current section 8334[1] deductions from employees' salaries as the government did not make an initial contribution to the Fund. Subsequently, in years prior to 1957, Congress appropriated substantial amounts for the Fund from time-to-time but it did not do so on a regular and systematic basis. Beginning July 1, 1957, government agencies have been making employer contributions to the Fund equal to those amounts deducted from the basic pay of the employee pursuant to section 8334 *66 of the Civil Service Retirement Act, 5 U.S.C. sec. 8331 et seq. (1970 ed.), 5 U.S.C. sec. 8334. *67 Although petitioner claimed a deduction on his 1971 tax return for the amount withheld from his wages he contends, on brief, that the section 8334 deductions are not includible in his gross income for that year since he is a cash basis taxpayer. Thus, we must decide (1) whether the amounts withheld are includible in the gross income of a cash basis taxpayer in the year of withholding, and (2) if the amounts are so includible whether petitioner may claim a deduction for said amounts in computing either his taxable income or adjusted gross income. The former issue has been presented to this Court on various occasions. Cecil W. Taylor,2 T.C. 267 (1943), affd. sub nom. Miller v. Commissioner,144 F. 2d 287 (4th Cir. 1944); Isaiah Megibow,21 T.C. 197 (1953), affd. 218 F. 2d 687 (3rd Cir. 1955); Lawrence J. Cohen,63 T.C. 267 (1974), on appeal (9th Cir., Feb. 25, 1975). Petitioner recognizes that in each instance we decided in favor of respondent, holding that amounts withheld from a civil service employee's salary for payment into the Fund were includible in the employee's gross income in the year *68 of withholding. He contends that the aforenoted cases were erroneously decided and urges that we overrule our prior decisions on this issue. In this connection petitioner has advanced the same arguments as those argued by the taxpayer in Cohen,supra. In light of our detailed discussion in Cohen, wherein we rejected these arguments, no useful purpose would be served by repeating our analysis of this issue. We adhere to our prior decisions and hold that petitioner must include in his gross income amounts withheld as payments to the Fund. See, e.g., Eugene G. Feistman,63 T.C. 129 (1974); George J. Hogan v. United States,513 F. 2d 170 (6th Cir. 1975), affirming 367 F. Supp. 1022 (E.D. Mich. 1973). In our opinion petitioner may not properly claim as a deduction the amounts so withheld. Such amounts constituted payments by petitioner toward the purchase of an annuity and are therefore capital expenditures. Cecil W. Taylor,supra.Even were we to view these payments as items of expense, rather than capital expenditures, they would constitute nondeductible "personal expenses" within the meaning *69 of section 262, Internal Revenue Code of 1954, John P. Davidson, Jr.,42 T.C. 766 (1964). Decision will be entered for the Respondent.
Footnotes
1. 5 U.S.C. sec. 8334. Section 8334. Deductions, contributions, and deposits. (a)(1) The employing agency shall deduct and withhold 7 percent of the basic pay of an employee, 7 1/2 percent of the basic pay of a Congressional employee, and 8 percent of the basic pay of a Member. An equal amount shall be contributed from the appropriation or fund used to pay the employee or, in the case of an elected official, from an appropriation or fund available for payment of other salaries of the same office or establishment. When an employee in the legislative branch is paid by the Clerk of the House of Representatives, the Clerk may pay from the contingent fund of the House the contribution that otherwise would be contributed from the appropriation or fund used to pay the employee. (2) The amounts so deducted and withheld, together with the amounts so contributed, shall be deposited in the Treasury of the United States to the credit of the Fund under such procedures as the Comptroller General of the United States may prescribe. Deposits made by an employee or Member also shall be credited to the Fund.↩