FRANK and ROMANA PAAL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paal v. Commissioner
Docket No. 6350-76.
United States Tax Court
T.C. Memo 1978-48; 1978 Tax Ct. Memo LEXIS 469; 37 T.C.M. (CCH) 252; T.C.M. (RIA) 780048; January 31, 1978, Filed *469 In 1973 petitioners (1) paid the Federal excise tax on an automobile used solely for their personal purposes, (2) paid life and casualty, fire and automobile insurance premiums and (3) contributed the required amounts to their retirement plans--the California Public Employees' Retirement System and the California State Teachers' Retirement System. The retirement plans are comparable in all respects to the civil service retirement system applicable to Federal employees. 1. Held, petitioners are not entitled to a deduction for payment of a Federal excise tax on their car used solely for personal purposes. Sec. 164(a); sec. 1.164-2(f), Income Tax Regs.
2. Held further, payments of insurance premiums are not casualty losses under sec. 165(c). 3. Held further, petitioners are not entitled to deductions for contributions to their retirement plans. The contributions constituted payments toward the purchase of an annuity and are capital expenditures. Frank Paal, pro se. Kenneth G. Gordon, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1973 in the amount *470 of $923.76. The issues for decision are as follows: (1) Whether petitioners are entitled to a deduction for Federal excise taxes purportedly paid in 1973. (2) Whether petitioners are entitled to deductions for life and casualty, fire and car insurance premiums purportedly paid in 1973. (3) Whether petitioners are entitled to deductions for mandatory retirement payments made in 1973 to the California Public Employees' Retirement System and the California State Teachers' Retirement System. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners, Frank and Romana Paal, husband and wife, resided in Long Beach, California at the time the petition herein was filed. They timely filed a joint Federal income tax return for the taxable year 1973. [1]
Petitioners on their 1973 return deducted $77 attributable to a payment to the Department of Justice and $130 attributable to an excise tax payment on an automobile used solely for personal purposes. Respondent in his notice of deficiency, dated *471 April 13, 1976, disallowed these deductions. Petitioners have stipulated that they are not entitled to deduct the $77 payment. Petitioners on their 1973 return deducted $550 for life and casualty, fire and automobile insurance premiums allegedly paid in 1973. Although the record shows that in 1973 they paid $346 to California Casualty, petitioners are unable to substantiate the remaining amount. In 1973 Frank Paal was a full-time teacher at the State University at Long Beach, California and a member of the California Public Employees' Retirement System. Similarly Romana Paal in 1973 was a full-time teacher at the Long Beach Community College and was a member of the California State Teachers' Retirement System. Petitioners are required to participate in their retirement plans and, upon termination of their employment prior to retirement, they would be entitled to full refund of their contributions plus interest thereon. Petitioners' respective pension upon retirement is not directly attributable to their gross wages in any one year. OPINION Section 164(a), I.R.C. 1954[2] *473 provides five classifications of taxes that "shall be allowed as a deduction for the taxable year within *472 which paid or accrued." Federal excise taxes are not among that class. However the flush language of section 164(a) provides that a deduction shall be allowed for taxes not described in the above class "which are paid or accrued * * * in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income)." See, also, section 1.164-2(f), Income Tax Regs. As it is well settled that "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms," New Colonial Co. v. Helvering,292 U.S. 435 (1934), we must deny petitioners' deduction for Federal excise taxes paid on an automobile which was, admittedly, solely used for their personal purposes. Turning next to the second issue herein, petitioners submit that prior to 1970 a casualty loss, under section 165, was deductible in full without reduction for any insurance compensation attributable thereto. They then point out that the statute was amended in "the early seventies * * * [to provide that a ] casualty loss is deductible in the amount suffered minus the insurance return." Therefore they assert that the amendment implies that a prudent insured foresees "that a casualty might occur and spreads out the casualty loss in the way of paying premiums * * * [i.e.] the premium on insurance is actually a casualty loss as such." Petitioners' reasoning contains the normally disparate qualities of ingenuity and fallacy. Section 165(a) provides that "[there] shall be allowed as a deduction any loss sustained during the taxable *474 year and not compensated for by insurance or otherwise." This section is substantially unchanged from its predecessor, section 23(f), I.R.C. 1939. The amendment to section 165(c), to which petitioners were probably referring, was enacted in 1964 [3] to apply to losses after December 31, 1963 and provided that losses under 165(c)(3) [4] *475 "shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100." Prior to the amendment the statute did not have a $100 floor. In the instant case the expenditures for the various types of insurance premiums are not a loss within the meaning of section 165 but the payment of personal family and living expenses, nondeductible under section 262. Furthermore petitioners are not entitled to deductions for amounts contributed to their retirement plans. The retirement plans in issue are comparable in all respects to the civil service retirement system applicable to Federal employees. Feistman v. Commissioner,63 T.C. 129 (1974); [5]Cohen v. Commissioner,63 T.C. 267 (1974), affd. per curiam 543 F.2d 725 (9th Cir. 1976). Petitioners' contributions constituted payments toward the purchase of an annuity and are therefore capital expenditures. Taylor v. Commissioner,2 T.C. 267 (1943), affd. sub. nom. Miller v. Commissioner,144 F.2d 287 (4th Cir. 1944). Even assuming these payments were expenses, rather than capital expenditures, they would constitute nondeductible personal expenses under section 262. Davidson v. Commissioner,42 T.C. 766 (1964). [6] *476 Decision will be entered for the Respondent. Footnotes
1. The record does not indicate where the return was filed.↩
2. SEC. 164. TAXES. (a) General Rule.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: (1) State and local, and foreign, real property taxes. (2) State and local personal property taxes. (3) State and local, and foreign, income, war profits, and excess profits taxes. (4) State and local general sales taxes. (5) State and local taxes on the sale of gasoline, diesel fuel, and other motor fuels. In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income).↩
3. Public Law 88-272, section 208(a), 88th Cong. 1964. ↩
4. SEC. 165. LOSSES * * *
(c) Limitation on Losses of Individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to-- (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. * * *
5. See also our discussion in Feistman v. Commissioner,T.C. Memo 1976-240↩. 6. We note that petitioners' contention that we should retroactively apply the individual retirement account provisions (secs. 408, 219 et al.) to allow said deduction is also without merit. Not only are the I.R.A. provisions inapplicable for the years in issue but sec. 219(b)(2)(A)(iv). denies a deduction to employees covered by a state or governmental agency plan.