PHILIP B. DOHERTY, JR., and PATRICIA A. DOHERTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Doherty v. Commissioner
Docket No. 645-78.
United States Tax Court
T.C. Memo 1979-275; 1979 Tax Ct. Memo LEXIS 257; 38 T.C.M. (CCH) 1075; T.C.M. (RIA) 79275; July 23, 1979, Filed Philip B. Doherty, Jr., pro se. Charles W. Maurer, Jr., for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a deficiency of $92.18 in petitioners' 1975 income tax. Petitioners, husband and wife, resided in Cumberland, Rhode Island, at the time they filed their petition herein.The deficiency was based upon the Commissioner's disallowance of two deductions claimed as "Taxes" on petitioners' 1975 return: $80 characterized on the return as "Mass. Old Age Tax", and $272, described as "R.I. Sur. Ben. Tax". The "Mass. Old Age Tax" refers to a Massachusetts excise tax imposed upon meals at the rate of five percent through June 30, 1975, and eight percent for the remainder of the year. The "R.I. Sur. Ben. Tax" refers to mandatory contributions by teachers *259 to a survivors benefit fund. The case was submitted on a stipulation of facts. 1. Massachusetts meals excise tax. Although petitioners resided in Rhode Island, the husband, Philip B. Doherty, was employed during 1975 as a "Manager-Personnel" by New England Telephone and Telegraph Company with a post of duty in Boston, Massachusetts. He apparently commuted to Boston, and when working in Boston he customarily purchased his mid-day meal in Massachusetts. During 1975 Massachusetts imposed a general sales tax at the rate of three percent through November 11, 1975, and five percent thereafter. 1967 Mass. Acts ch. 757, sec. 1 (Mass. Ann. Laws ch. 64H, sec. 2 (Michie/Law. Co-op. 1971)), as amended by 1975 Mass. Acts ch. 684, sec. 59 (Mass. Ann. Laws ch. 64H, sec. 2 (Law. Co-op. 1978)). Meals were specifically exempted. 1967 Mass. Acts ch. 757, sec. 1 (Mass. Ann. Laws ch. 64H, sec. 6(h) (Michie/Law. Co-op. 1971)) (amended effective 1978). However, a separate excise tax was imposed during 1975 on meals, at the rate of five percent through June 30, 1975, and eight percent for the remainder of the year. 1941 *260 Mass. Acts ch. 729, sec. 17 (Mass. Ann. Laws ch. 64B, sec. 2 (Michie/Law. Co-op. 1971), as amended by 1975 Mass. Acts ch. 291, sec. 5 (repealed effective 1978). Petitioners' deduction of $80 on their 1975 return for "Mass. Old Age Tax" related to the foregoing excise tax on meals, and the parties have stipulated that Mr. Doherty in fact paid that amount as an excise tax on charges for meals in Massachusetts during 1975.However, the deduction of that amount is plainly precluded by the Internal Revenue Code of 1954. It is uite true that section 164(a)(4) of the Code grants a deduction for "State and local general sales taxes", which are defined in section 164(b)(2)(A) to mean taxes "imposed at one rate in respect of the sale at retail of a broad range of classes of items". (Emphasis supplied.) Moreover, section 164(b)(2)(B) provides: SEC. 164. Taxes. * * *
(b) Definitions and Special Rules.--For purposes of this section-- * * *
(2) General sales taxes.-- * * *
(B) Special rules for food, etc.-- In the case of items of food, clothing, medical supplies, and motor vehicles-- (i) the fact that the tax does not apply in respect of some or all of such *261 items shall not be taken into account in determining whether the tax applies in respect of a broad range of classes of items, and (ii) the fact that the rate of tax applicable in respect of some or all of such items is lower than the general rate of tax shall not be taken into account in determining whether the tax is imposed at one rate. (Emphasis supplied.) Thus, although section 164(b)(2)(B)(i) may protect the Massachusetts general sales tax itself from being disqualified for deduction under section 164(a)(4) by reason of the exemption of food from that tax, the separate tax on meals could not in any event be treated as part of the deductible general sales tax, since section 164(b)(2)(A) requires that the deductible general sales tax be imposed "at one rate", and deductibility of the tax on meals is not saved by section 164(b)(2)(B)(ii), since the rate of tax on charges for meals is higher than the rate at which the general sales tax is imposed. Moreover, section 164(b)(2)(C) goes on to provide further that: SEC. 164. TAXES. * * *
(b) Definitions and Special Rules.--For purposes of this section-- * * *
(2) General sales taxes.-- * * *
(C) *262 Items taxed at different rates.-- Except in the case of a lower rate of tax applicable in respect of an item described in subparagraph (B), no deduction shall be allowed under this section for any general sales tax imposed in respect of an item at a rate other than the general rate of tax. (Emphasis supplied.) Accordingly, even if the excise tax on meals could otherwise be classified as a "general sales tax", the deduction would be explicitly outlawed by section 164(b)(2)(C), since the rate of tax with respect to charges on meals is greater than the uniform rate of the general sales tax. See section 1.164-3(g)(1), (4), Income Tax Regs; Rev. Rul. 65-189, 1965-2 C.B. 45. Nor is the meals tax deductible here as a business expense under section 162, as claimed by petitioners. The cost of the meals themselves is plainly a nondeductible personal expense, and petitioners do not contend otherwise. But they argue that the excise tax is an expense that Mr. Doherty would not have incurred had he remained in Rhode Island and that he had to pay it only because he went to Boston in connection with his employment. The point is specious. The tax was in substance merely *263 part of the overall cost of the meals which he ate in Massachusetts, and was just as much a nondeductible personal expense as was the basic cost of the meals themselves. 2. Contributions to Survivors Benefit Fund. During 1975 petitioner Patricia A. Doherty was employed as a fourth-grade teacher by the town of Cumberland, Rhode Island. At that time there was in effect a "Teachers Survivors' Benefits Plan", under which teachers were required to make contributions of one percent of salary up to a salary of $9,600 per year, or a maximum of $96 a year. Such contributions were matched equally by the cities and towns. Mrs. Doherty's 1975 salary was $13,592.55, and her contribution that year was $96. Petitioners deducted $272 (two percent of her total 1975 salary) on their 1975 return in respect of this item which they described as "R.I. Sur. Ben. Tax." They now agree that the deduction, if any, to which they may be entitled is only $96. They also appear to recognize that it is not a "tax", for they urge that it is "a valid business expense required to retain employment as a school teacher * * * [and that] the payment is analogous to union dues which are deductible." We *264 hold that this payment is not analogous to union dues, and that it is not deductible. A pamphlet describing the Plan was introduced in evidence through the stipulation of facts. The pamphlet discloses that, subject to specified conditions, the Plan provides benefits for a surviving spouse, children, and parents, that a member who ceases teaching before retirement is entitled to a refund of his contributions without interest, and that upon retirement the teacher may elect to have his contributions refunded in a lump sum plus interest. [1]
It is clear that Mrs. Doherty's contributions under the Teachers Survivors' Benefits Plan, even though mandatory, were not expenses at all, but represented merely the purchase of valuable rights, and were analogous in some respects to enforced savings. They are not deductible. Cf. Davidson v. Commissioner,42 T.C. 766 (1964); Feistman v. Commissioner,63 T.C. 129 (1974), appeal dismissed 587 F. 2d 941 (9th Cir. 1979); Atwood v. Commissioner,34 T.C.M. 1353, 44 P-H Memo. T.C. par. 75,308 (1975); *265 Summers v. Commissioner,31 T.C.M. 463, 465, 41 P-H Memo. T.C. par. 72,117 (1972); Summers v. Commissioner,30 T.C.M. 58, 60, 40 P-H Memo. T.C. par. 71,011 (1971); Casey v. Commissioner,24 T.C.M. 1558, 1564, 34 P-H Memo. T.C. par. 65,282 (1965); Simenstad v. United States,325 F. Supp. 1249 (N.D. Cal. 1971). Decision will be entered for the respondent. Footnotes
1. For further description of the Teachers survivors' benefit plan, see R.I. Gen. Laws Ann. tit. 16, ch. 16, sec. 25 et seq. (Bobbs-Merrill Cum. Supp. 1978).↩