Eugene G. Feistman and Lorraine B. Feistman v. Commissioner.
Feistman v. Commissioner
Docket No. 2129-70 SC.
United States Tax Court
T.C. Memo 1971-137; 1971 Tax Ct. Memo LEXIS 192; 30 T.C.M. (CCH) 590; T.C.M. (RIA) 71137; June 15, 1971, Filed. Eugene Feistman, pro se, 15959 Gledhill St., Sepulveda, Calif.Harold Vestermark, Esq., for the respondent. 591 SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency of $543.07 in petitioners' 1967 Federal income tax return. In their original petition the petitioners contested this entire amount, and by their amended petition they claim additional deductions, reflected in an amended return, in the amount of $2,797.40. At issue are numerous claimed deductions. Findings of Fact Some of the facts have been stipulated and are so found. Eugene G. Feistman and Lorraine B. Feistman are husband and wife who resided in Sepulveda, California, at the time they filed their petition herein. They filed a joint 1967 Federal income tax return with the district director in Los Angeles, California. On May 16, 1969, they filed an amended joint return for 1967 with the district director in Los Angeles, California. Eugene G. Feistman has been employed by the County of Los Angeles as a deputy probation officer for about sixteen years. During this period *194 he has accumulated significant retirement benefits. During 1967 Eugene Feistman spent $500.12 for tuition and books while attending the University of San Fernando Valley College of Law. At forty-five years of age petitioner did not attend law school for the purpose of changing jobs. He is unwilling to forego the retirement benefits which he has accrued at his present job. Petitioner is a professional student. His primary purpose in attending law school was not to maintain and improve his skills as a probation officer. Petitioners had other education expenses, unrelated to their employment or to any business, in the amount of $145.84. Petitioners paid $35 to the Los Angeles Hebrew High School as tuition for their daughter's Hebrew lessons. In 1967 petitioners emptied their garage of a considerable accumulation of used household items, including a dresser, two chests, three sets of springs and mattresses, two headboards and footboards, a gas stove, a refrigerator, some wooden patio furniture, 25 boxes of clothes, and quantities of rags. These items were given to Goodwill Industries, but petitioners were unable to present any evidence as to their value. Petitioners paid $567 *195 in 1967 to Temple Valley Beth Sholom for their daughter's Bas Mitzvah. They also paid $85 to the Valley Beth Sholom Sisterhood, and membership dues to the temple. They have not paid membership dues to the temple since 1967. Petitioners' automobile was involved in an accident on November 18, 1967. Their insurer paid $754.88 for repair of the car. In 1967 petitioners paid the $100 deductible amount of their policy. They also paid $265.44 for the rental of a car while theirs was being repaired. Petitioner Eugene Feistman was required by his employer to provide his own automobile. In 1967 he was reimbursed for the use of his automobile at the rate of 13 cents per mile for the first 350 miles, 9 cents per mile for the next 150 miles, and 6 cents per mile thereafter. During 1967 petitioner used his car in the course of his employment about twenty times. His expenses in this regard did not exceed his reimbursement. Petitioner Eugene Feistman commuted about forty-five miles per day, round trip, to his job. Petitioner Lorraine Feistman commuted about seventy miles, round trip, to her job as a teacher in Watts. Her employer does not require that she drive to work. Because of the time and *196 distance, neither petitioner would seriously consider taking public transportation to work. Opinion 1. Educational Expenses At trial petitioner made no effort to bring himself within the description of section 1.162-5(a)(1), Income Tax Regs. (prior to 1967 amendment), as one who undertook education primarily to maintain and improve job skills. Instead he contended "that any type of education, public or private, should be allowed" as a deduction. Apparently disclaiming reliance upon the regulations, he stated: I have had a total of thirty-two and a half years of school I have not returned to school necessarily for training or retraining at a vocation or profession. I am a professional student. This is my vocation and any expenses that I incur should be, I consider, part of this vocation. But it is a non-income producing vocation. Educational expenses are deductible under section 162 if they are job-related, in the manner outlined in the regulations. There is no provision allowing the deduction of 592 all education costs. Normally such costs are personal. We are inclined to believe that some part of petitioner's law school education served to maintain and improve his skills *197 as a probation officer. Much of it, say contracts and wills, would not. In any event petitioner has not described the courses which he took, or their cost. And on the basis of the statements which he made at trial we must conclude that he did not attend law school primarily to maintain and improve his skills as a probation officer. Section 1.162-5(a)(1), supra. The revised regulations contained in section 1.162-5(b) (3) of the Income Tax Regs., promulgated May 1, 1967, provide even less support for petitioner's position. The various education expenses in the amount of $145.84, and the $35 for Hebrew High School are unrelated to any trade or business of the petitioners, and thus constitute nondeductible personal expenses. Section 262. Petitioners' argument that all education costs should be deductible would be more properly addressed to their Congressman. 2. Charitable Contributions Petitioners gave considerable quantities of used household goods to Goodwill Industries in 1967. Without some sort of detailed record of the nature of these goods it is impossible for respondent or this Court to determine their value. We must hold that petitioners have failed to prove that the value *198 exceeded the amount allowed by respondent. Section 1.170-1(a)(3)(ii)(c), Income Tax Regs.; Rule 32, Tax Court Rules of Practice. From the evidence before us, it appears that respondent's valuation may have been generous. Petitioners paid $567 as the cost of their daughter's Bas Mitzvah. This is not a charitable contribution, just as the cost of a wedding is not a charitable contribution. Although each occasion has religious significance, it is primarily a social event. It is a personal expense, undertaken for the benefit of a particular individual or individuals. See DeJong v. Commissioner, 309 F. 2d 373 (C.A. 9, 1962); Rev. Rul. 68-432, 1968-2 C.B. 104. The $85 payment to the Valley Beth Sholom Sisterhood appears to have been incident to the confirmation of petitioners' daughter, although the record is not entirely clear on this point. It also must be treated as a personal expense, absent evidence of a purely charitable purpose. Petitioners presented no evidence in regard to the $403 of temple dues claimed on the amended return. Even if the amount were substantiated by checks or by testimony, petitioners have not shown whether these were periodic *199 payments of a charitable nature, or whether they were membership dues entitling petitioners to participate in the social activities of the temple. The deduction must be denied for lack of proof on these issues. Rule 32, Tax Court Rules of Procedure; cf. Rev. Rul. 68-432, supra. 3. Casualty Loss Petitioners were involved in an auto wreck. The car was repaired, with their insurance company paying for the repairs except to the extent of the $100 deductible amount in their policy. To this extent, their loss does not exceed the $100 limit of section 165(c)(3). The cost of renting a car while their damaged car was being repaired is not a casualty loss. Cf. Neil F. McCabe, 54 T.C. 1745 (1970); Rev. Rul. 59-398, 1959-2 C.B. 76. Petitioners claim that even after repair their car was worth $400 less than it was worth prior to the accident. We have no proof of this. Petitioners also claim loss of earnings because of the accident in the amount of $133. Petitioners have no basis in unrealized earnings, and thus are not entitled to a deduction. Section 165(b). 4. Automobile Expenses Petitioners seek to deduct their commuting costs on the *200 theory that a car is a necessity for getting to work, and that the tax code should allow the deduction. Without discussing what the law should be, it is enough to state that, at present, commuting costs are not deductible business expenses. See, e.g., William B. Turner, 56 T.C. No. 3 (1971). Eugene Feistman argues further that, because he was required by his employer to have a car available at work, his commuting costs should be deductible. (It is conceded that he was fully reimbursed for use of the car during working hours.) In view of the distances which petitioner travelled to work (45 miles round trip), the time required for such a trip by public transportation (if such was available), we may infer that petitioner would have driven to work even if his 593 employer had not required him to do so. Such commuting costs are not deductible. Cf. Robert A. Hitt, 55 T.C. No. 63 (1971); Harold Gilberg, 55 T.C. No. 61 (1971). 5. Office in Home At trial petitioners raised the issue of deducting depreciation expense for part of their home because Lorraine Feistman grades homework there. This issue was not raised in either the petition or the *201 amended petition, and thus is not properly before us. Rules 36 and 7(c)(4), Tax Court Rules of Practice. Moreover, such use would appear to be incidental use of their home for business, not amounting to the establishment of an office. Finally, the figures are unsubstantiated. 6. Retirement Contributions At trial petitioners contended that they should not be taxed on wages which were withheld for contribution to retirement funds. They reason that since they have no control over the money, it is not income. Again, this issue was not raised in the petition or in the amended petition. Again, petitioners' arguments as to what the law should be are better directed to Congress than to us. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50.