EUGENE G. AND LORRAINE B. FEISTMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3282-73.    Filed November 12, 1974.

Eugene G. Feistman, pro se.
*Earl Goldhammer,* for the respondent.

OPINION

RAUM, *Judge:* 1. *Contributions to retirement fund.*— Petitioners contend that the amounts withheld from their salaries and paid into their respective retirement funds should be excluded from their wages reportable as gross income. The retirement systems involved are comparable in all significant respects to the retirement system applicable to Federal employees, and it has been established for many years that amounts withheld from salary and contributed to the applicable system are includable in the employee's currently reportable gross income. This has been reflected not only in rulings and practice of long standing (T.D. 3112, 4 C.B. 76 (1921), declared obsolete by Rev. Rul. 69-31, 1969-1 C.B. 307, 308; I.T. 2162, IV-1 C.B. 29 (1925); Mim. 3995, XII-1 C.B. 25 (1933); I.T. 3362, 1940-1 C.B. 18; Rev. Rul. 56-473, 1956-2 C.B. 22, clarified by Rev. Rul. 72-94, 1972-1 C.B. 23; Rev. Rul. 57-326, 1957-2 C.B. 42; Rev. Rul. 72-250, 1972-1 C.B. 22), but also in judicial decisions in accord with such practice (*Cecil W. Taylor,* 2 T.C. 267, affirmed sub nom. *Miller v. Commissioner,* 144 F. 2d 287 (C.A. 4); *Isaiah Megibow,* 21 T.C. 197, 199-200, affirmed 218 F. 2d 687, 691-692 (C.A. 3)).[1] The situation is one that peculiarly calls for the application of the principle of stare decisis. Cf. *Helvering v. Hallock,* 309 U.S. 106, 119. The rights and obligations of millions of employees, both Federal and State, have been determined upon the basis of the foregoing practice and decisions; it is too late now to reargue the point. Not only were the tax liabilities of such employees determined in respect of their wages as earned, but corresponding tax benefits accrued to them when they received payments from the retirement fund upon retirement or otherwise. This case is not fairly

---

[1] These cases were recently followed in *Hogan v. United States,* 367 F. Supp. 1022 (E.D. Mich.).

distinguishable from *Taylor* and *Megibow,* and we follow them here.

2. *Educational expenses.*—The Commissioner has disallowed deductions for two types of educational expenses: Mr. Feistman's law school costs and his children's school expenses. Both are personal and nondeductible.

As to the law school expenses, section 1.162-5(b)(3) of the regulations provides explicitly that no deduction shall be allowed for "expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." Mr. Feistman was enrolled in a law school as a candidate for a law degree which he in fact received, and he has attempted, albeit unsuccessfully, to pass the State bar examinations. This is plainly a case covered by the regulations, and no deduction can be approved in respect of these educational expenses. Cf. *Patrick L. O'Donnell,* 62 T.C. 781; *Morton S. Taubman,* 60 T.C. 814; *David N. Bodley,* 56 T.C. 1357; *Jeffry L. Weiler,* 54 T.C. 398; *Ronald F. Weiszmann,* 52 T.C. 1106, affirmed per curiam 443 F. 2d 29 (C.A. 9). Indeed, Mr. Feistman has already presented this issue unsuccessfully to this Court in respect of petitioners' 1967 tax liability, *Eugene G. Feistman,* 30 T.C.M. 590, 591, affirmed in an unpublished order (C.A. 9).

As to the educational expenses for the children, it is difficult to perceive how these can be anything other than personal. The disallowance was plainly correct, and, indeed, a challenge thereto borders on the frivolous. Like the matter of the law school expenses, petitioners have already presented this issue unsuccessfully to this Court in respect of their 1967 taxes (see *Eugene G. Feistman, supra),* and our decision has been affirmed by the Ninth Circuit.

3. *Commuting expenses.*—Petitioners finally claim the right to deduct expenses incurred in commuting from their home to their respective places of employment. Here, again, the issue has firmly been settled that commuting costs are to be treated as nondeductible personal expenses. Secs. 1.262-1(b)(5) and 1.162-2(e), Income Tax Regs.; *Fausner v. Commissioner,* 413 U.S. 838, 839, rehearing denied 414 U.S. 882; *Commissioner v. Flowers,* 326 U.S. 465; *William L. Heuer, Jr.,* 32 T.C. 947, 951, affirmed per curiam 283 F. 2d 865 (C.A. 5). Neither the fact that petitioners have chosen to live a substantial distance from their

places of employment nor the inadequacy of public transportation changes this conclusion. *Sanders v. Commissioner,* 439 F. 2d 296 (C.A. 9), affirming 52 T.C. 964; *United States v. Tauferner,* 407 F. 2d 243 (C.A. 10); *Steinhort v. Commissioner,* 335 F. 2d 496 (C.A. 5); *William L. Heuer, Jr., supra.*

Mr. Feistman, however, makes an additional argument with respect to his commuting expenses. He asserts that they are deductible because he was required by his employer to have his car available for use at work.[2] Where a commuter incurs additional expenses because he has to transport his "tools" to work such additional costs may be deductible as a business expense under section 162. *Fausner v. Commissioner,* 413 U.S. at 839; *Harold Gilberg,* 55 T.C. 611; *Robert A. Hitt,* 55 T.C. 628. It is not enough, however, that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. Thus, if he would have driven to work in any event, the fact that he carries "tools" with him is not an additional expense, and no part of the commuting cost is deductible. *Harold Gilberg,* 55 T.C. at 619. Accordingly, even if the present situation might be analogized to the so-called tool-carrying cases, Mr. Feistman has failed to establish that he is entitled to any deduction in respect of his commuting expenses. He offered no evidence suggesting that absent the requirement that he have his car at work, he would not have driven to his place of employment in any event. In fact, he testified that the public transportation available to him was unreasonable in the length of time it took, which strongly suggests that he would have driven his own car anyway and thus incurred the same commuting expenses regardless of the requirement that he have an automobile at work.

*Decision will be entered under Rule 155.*

---

[2] He does not contend that any of the expenses in issue were incurred after he arrived at work and in the course of carrying out the responsibilities of his position. Of course, any such unreimbursed expenses involving the use of his automobile *from* his place of work in carrying out his official duties would stand on a different footing.