ANTHONY and MYRTLE MANUPELLO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Manupello v. Commissioner
Docket No. 4464-75.
United States Tax Court
T.C. Memo 1976-237; 1976 Tax Ct. Memo LEXIS 167; 35 T.C.M. (CCH) 1024; T.C.M. (RIA) 760237; July 29, 1976, Filed Anthony Manupello, pro se. Lowell F. Raeder, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $1,145.37 in petitioners' *168 Federal income tax for 1973. The issues for decision are: 1. Whether automobile expenses incurred in 1973 by petitioner Anthony Manupello in traveling between his residence and place of employment are deductible under section 162(a) [1]/ by reason of the fact that he transported tools necessary to the performance of his job; 2. Whether petitioner is entitled to miscellaneous deductions under section 162(a) for job-required tools and clothing expenses in excess of the amount allowed therefor by respondent; and 3. Whether petitioner is entitled to deduct as alimony under section 215 certain payments made to his former wife. FINDINGS OF FACT Petitioners Anthony and Myrtle Manupello are husband and wife who, at the time of the filing of the petition herein, were legal residents of Pennsville, New Jersey. Petitioners filed their joint Federal income tax return for 1973 with the District Director of Internal Revenue, Holtsville, New York. Anthony Manupello (hereinafter petitioner) is an ironworker and belongs to local union No. 399 in Camden, New *169 Jersey. In 1969 petitioner commenced employment at Salem, New Jersey, on the construction of a nuclear power generation plant. Petitioner's employment at the Salem construction project was of an indefinite duration and lasted until 1974. As a condition of his employment, petitioner was required to have certain tools necessary to the performance of his job. Because there was no safe place to store them at the Salem site, petitioner had to carry the tools, weighing approximately 130 pounds, to and from work each day. There was no public transportation to or from the Salem worksite, and petitioner did not carpool with any other employee of the Salem project. Instead, he drove his own automobile to and from Salem each day. The one-way distance from petitioner's residence in Pennsville to Salem was approximately 20 miles, and normally petitioner drove this distance in about half an hour. Petitioner's normal work hours were from 8 a.m. to 4:30 p.m., with occasional overtime. Petitioner was required to buy special work clothes and tolls in connection with his job at Salem. Although he had no receipts or cancelled checks at trial to substantiate the amounts expended for such *170 items, during 1973 petitioner purchased job-required clothes and supplies which cost him the following amounts: Items Purchased in 1973
Cost
Carhardt overalls (2 prs.)
$ 60.00
Insulated overalls (1 pr.)
40.00
Jacket (1)
18.00
Work gloves (30 prs.)
90.00
Insulated gloves (4 prs.)
24.00
Insulated cap (1)
5.00
Work shoes (2 prs.)
80.00
Pliers (3 prs.)
30.00
Rulers (5)
20.00
Tapes (2)
30.00
16-in. hand drill with bits
35.00
Total
$432.00
Petitioner separated from his first wife in 1954 and thereafter began making support payments to her.These payments were made wholly voluntarily and were not pursuant to any written agreement or decree of divorce or for support. On his 1973 Federal income tax return, petitioner claimed a deduction for automobile expenses to the Salem jobsite in the amount of $2,602.80; for work clothes and tolls in the amount of $520.50; and for alimony in the amount of $1,800. Respondent disallowed the deductions for automobile expenses and for alimony and allowed $236 of petitioner's claimed miscellaneous deduction for work clothes and tools.
OPINION It is well settled that the expenses of traveling between one's home *171 and one's place of employment are nondeductible, personal commuting expenses. Sec. 262; Fausner v. Commissioner,413 U.S. 838 (1973); Commissioner v. Flowers,326 U.S. 465 (1946); Eugene G. Feistman,63 T.C. 129 (1974); William L. Heuer, Jr.,32 T.C. 947 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). Petitioner concedes that he is not entitled to deduct ordinary commuting expenses but contends that he should be able to deduct the additional expenses he incurred attributable solely to the necessity of transporting his work implements to and from his place of work. The Supreme Court, in Fausner v. Commissioner,supra, set forth the standard to be used in determining whether the transportation of job-required tools alters the nondeductibility of commuting expenses. There the Court said at 839: * * * Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. We cannot read section 262 of the Internal Revenue Code[n1] as excluding such expense from "personal" expenses *172 because by happenstance the taxpayer must carry incidentals of his occupation with him. Additional expenses may at times be incurred for transporting job-required tools and material to and from work. [n2] Then an allocation of costs between "personal" and "business" expenses [n3] may be feasible. * * * [Footnotes omitted.] Subsequently, in Eugene G. Feistman,supra at 135, this Court analyzed the evidentiary requisites of the Fausner standard as follows: It is not enough * * * that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. Thus, if he would have driven to work in any event, the fact that he carries "tools" with him is not an additional expense, and no part of the commuting cost is deductible. * * *
Thus, petitioner's right to deduct a portion of the cost of his transportation between his home and his Salem jobsite depends upon whether he would have used an alternate, less expensive means of transportation thereto had he not been required to carry his own tools. There was no public transportation *173 available to or from petitioner's Salem worksite. The only other means of transportation would have been a carpool. In his brief, petitioner asks this Court to find that the only reason he drove his own car to Salem was his need to transport the bulky tools required in connection with his job and that if he had not been required to transport such tools, he would have been in a carpool. Petitioner alleges also on brief that while carpooling had been discussed among other union members in his specific trade and that while attempts had been made to set up a carpool at a cost of $1 per day to each rider, those plans were dropped because the bulky tools of more than one worker could not be transported in a single automobile. The only testimony in the record to support these allegations, however, is as follows: THE COURT: Did you travel alone or did you have a carpool? THE WITNESS: No. I traveled alone because I had these tools. On the basis of this testimony alone, we are unable to find that petitioner would have been in a carpool, in preference to using his own car, had he not been required to take his tools with him. Hence, no part of petitioner's claimed commuting expense *174 is deductible. Although petitioner offered no documentary evidence to corroborate his testimony as to his expenditures for job-required clothing and tools, he did provide an estimate of the cost of each such item purchased during 1973. His testimony showed a thorough knowledge of the items purchased, in terms of both their identities and original costs, and we think it was credible. We find the figure of $432 to be a reasonable estimate of petitioner's expenses for these clothing and tools. See Cohan v. Commissioner,39 F. 2d 540, 543-544 (2d Cir. 1930). Accordingly, we hold such amount to be deductible under section 162(a). For petitioner's payments to his former wife to be deductible as alimony under section 215, they must qualify as alimony under section 71. Under that section the three classifications of alimony are clearly defined as follows: 1. Payments made under a decree of divorce or of separate maintenance or under a written instrument incident to divorce or separation (sec. 71(a)(1)); 2.Payments made under a written separation agreement (sec. 71(a)(2)); and 3. Payments made under a decree for support (sec. 71(a)(3)). Since petitioner's *175 payments were voluntary and were not made pursuant to a written agreement or decree of divorce or for support, they do not qualify under the provisions of section 71. Therefore, they are not deductible as alimony. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.