JIMMY A. MANN AND JOAN H. MANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Mann v. Commissioner
Docket No. 5297-75.
United States Tax Court
T.C. Memo 1977-27; 1977 Tax Ct. Memo LEXIS 415; 36 T.C.M. (CCH) 130; T.C.M. (RIA) 770027; February 1, 1977, Filed *415 Petitioner made a daily trip 65 miles each way between his home and place of employment. Held: the expenses incurred in connection therewith are nondeductible commuting expenses. Jimmy A. Mann, pro se. Ronald P. Campbell, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judges: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1973 in the amount of $540.22. The sole issue for decision is whether petitioner is entitled to deduct expenses incurred in traveling from his home to his job site. FINDINGS OF FACT Some of the facts have been stipulated and are so found, as are the exhibits received in evidence. Petitioners, husband and wife, were residents of Danville, Virginia at the time they filed their petition herein. Petitioners filed a joint Federal income tax return for the calendar year 1973. Hereinafter petitioner will refer solely to Jimmy A. Mann. Petitioner is a pipe fitter who obtains employment through his union representative. Although he has maintained his personal residence in Danville, Virginia for many years, he is frequently employed for varying periods on construction projects located at *416 some distance from the Danville area. In March, 1973 petitioner obtained employment through his agent as an instrument fitter with the Benjamin F. Shaw Co. at the construction project at Bellews Creek, North Carolina. Petitioner continued to work at Bellews Creek until July, 1974. At that time he elected to seek employment in Danville in order to accrue retirement benefits he was losing while working in North Carolina. He could have continued to work in Bellews Creek as a pipe fitter. The Bellews project was extensive. At the time petitioner obtained his employment he was not apprised of its duration, but expected to work there for approximately 18 to 19 months. During the year in issue petitioner traveled daily between Danville and Bellews Creek, a distance of approximately 65 miles each way. In connection with this travel petitioner expended $2,907. Although he could have moved nearer to Bellews Creek, petitioner chose not to do so because he owned a home in Danville and his children attended school there. On their 1973 return petitioners deducted the aforenoted $2,907. Respondent determined that the employment at Bellews Creek was indefinite and that the travel expenses *417 were not deductible. OPINION The sole issue before us is whether petitioner is entitled to deduct $2,907 which he expended in connection with daily travel from his personal residence to his place of employment. Petitioner seeks to deduct these expenses under section 162(a)(2). [1] Respondent, on the other hand, contends that petitioner's employment in Bellews Creek was "indefinite" in nature thereby rendering Bellews Creek petitioner's tax home during the year in issue. Hence, he concludes that the expenses in issue were not incurred while away from home but were merely personal expenditures nondeductible under section 262. [2] *418 We find it unnecessary to decide whether petitioner's tax home was in Danville or Bellews Creek. To our mind it is obvious that, even if the former were petitioner's tax home, the expenditures involved were commuting expenses notwithstanding the substantial distance involved. As such they are nondeductible.Secs. 1.262-1(b)(5)[3] *419 and 1.162-2(e), [4] Income Tax Regs.; Fausner v. Commissioner,413 U.S. 838 (1973), rehearing denied 414 U.S. 882 (1973); Eugene G. Feistman,63 T.C. 129 (1974). Decision will be entered for the Respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *. ↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.
3. Sec. 1.262-1(b)(5). Expenses incurred in traveling away from home (which include transportation expenses, meals, and lodging) and any other transportation expenses are not deductible unless they qualify as expenses deductible under sec. 162, sec. 1.162-2, and paragraph (d) of sec 1.162-5 (relating to trade or business expenses), sec. 170 and paragraph (a)(2) of sec. 1.170-2 or paragraph (g) of sec. 1.170A-1 (relating to charitable contributions), sec. 212 and sec. 1.212-1 (relating to expenses for production of income) sec. 213(e) and paragraph (e) of sec. 1.213-1 (relating to medical expenses) or sec. 217(a) and paragraph (a) of sec. 1.217-1 (relating to moving expenses). The taxpayer's costs of commuting to his place of business or employment are personal expenses and do not qualify as deductible expenses. The costs of the taxpayer's lodging not incurred in traveling away from home are personal expenses and are not deductible unless they qualify as deductible expenses under sec. 217. Except as permitted under sec. 162, 212, or 217, the costs of the taxpayer's meals not incurred in traveling away from home are personal expenses. 4. Sec. 1.162-2(e)↩. Commuters' fares are not considered as business expenses and are not deductible.