VITO LOPA AND ROSE LOPA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lopa v. Commissioner
Docket No. 11542-77.
United States Tax Court
T.C. Memo 1982-46; 1982 Tax Ct. Memo LEXIS 696; 43 T.C.M. (CCH) 443; T.C.M. (RIA) 82046; February 3, 1982. Vito Lopa, pro se. Vincent R. Barrella, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Francis J. Cantrel pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, as amended, [1] and General Order No. 6 of this Court, 69 T.C. XV. [2] After a review of *697 the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1975 in the amount of $ 339. The sole issue for decision is whether petitioners are entitled to deduct transportation expenses between petitioners' residence and place of work as ordinary and necessary business expenses under section 162. FINDINGS OF FACT Some of the facts have been stipulated by the parties. The stipulation of facts and attached exhibits and the supplemental stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided at 86 Grayson Street, Staten Island, New York, on the date they filed their petition. Petitioners filed a timely joint Federal income tax return for the year 1975 with the Internal *698 Revenue Service. [3]
Petitioner during 1975 was employed as an electrician for the New York City Board of Education. [4] He was assigned to the South Brooklyn area office located at 49 Flatbush Avenue, Brooklyn, New York. However, petitioner did not report to this office every day, instead he traveled directly to his first job site from his home. Petitioner would visit an average of one to four job sites during each seven-hour workday, from 8:00 a.m. to 3:30 p.m. During 1975 petitioner used his personal 1970 Plymouth Duster to travel from his home to and from work and between the various job sites. He used his automobile to transport his tools to work and to the job locations and, although no modification of his car except heavy duty shocks and springs was necessary, the tools and materials weighed in excess of 150 pounds and occupied most of the space in his trunk. Some of the tools belonged to petitioner and some were issued to him by the Board of Education. The two tool boxes alone were *699 too bulky and petitioner would have been prohibited from boarding a bus or a subway with them. Furthermore, the amount of tools and materials that petitioner was required to transport could not be physically carried by one individual. Petitioner included the Board of Education as an additional insured party under his automobile insurance policy. He was given a parking pass so as to permit him to park as near as possible to the school for carrying the tools ad materials and the Board of Education would pay any parking tickets incurred at job sites except for parking at a bus stop or obstructing a fire hydrant. Petitioner reported to work on 206 days during 1975 and during that time reported to and left from 51 different locations. In driving to and from work petitioner incurred tolls for crossing the Verrazano-Narrows Bridge of $ 1.50 per day during the period January 1, 1975, through August 31, 1975, and $ 2.00 per day during the period September 1, 1975, through December 31, 1975. [5] The distance from petitioner's home at 86 Grayson Street, *700 Staten Island, to the Verrazano-Narrows Bridge toll plaza was approximately 5.5 miles on the following route: Hyland Boulevard to Fingerboard Road to the Staten Island Expressway. The distance from the toll plaza to 92nd Street, the first exit in Brooklyn, was approximately two miles. The distance from petitioner's home to various schools or offices of the Board of Education was 8 to 18 miles, when considering a representative sample of 12 job locations. [6]
In commuting from his home to work petitioner, if he used public transportation, would have been required to walk two blocks from his home to a bus stop at Chesterton Avenue and Hyland Boulevard where he would have boarded the S-103 bus, then at Clove Road (Sand *701 Lane) and Hyland Boulevard he would have transferred to the S-7 which would take him into Brooklyn. Then petitioner could have transferred to one or two additional buses or to the subway depending on his destination. Petitioner would have walked a distance of several blocks instead of taking a third or fourth bus or the subway. The times required for driving and commuting by public transportation were comparative in most cases. On their 1975 income tax return petitioners claimed a deduction in the amount of $ 1,786 for tolls and mileage between his home and work, expenses that were not reimbursed by petitioner's employer. In his notice of deficiency respondent disallowed the entire amount of the deduction. Petitioner was reimbursed for the cost of traveling between the various job sites by the Board of Education and that amount is not in dispute. In the supplemental stipulation of facts petitioner conceded that he drove 4944 miles in going to and from work in 1975, not the 8970 miles claimed on the 1975 return. In addition, petitioner conceded $ 93.50 of the $ 440 claimed for tolls. OPINION Section 162(a) provides that there shall be allowed as a deduction all the ordinary *702 and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 262 prohibits deductions for personal, living or family expenses. The cost of commuting to and from a taxpayer's work has long been held to be a personal expense and is nondeductible under section 262. Petitioner relies on Rev. Rul. 63-100, 1963-1 C.B. 34, [7] which allowed a deduction for commuting costs where it was necessary to drive in order to transport bulky instruments and the taxpayer would not have driven otherwise. Respondent, in his memorandum of authorities, concedes the applicability of Rev. Rul. 63-100, agreeing that if petitioner established that he would have taken public transportation except for the necessity of transporting his tools, the entire cost would be deductible. However, respondent contends that petitioner would have driven to work even if he did not carry his tools. In Fausner v. Commissioner,413 U.S. 838 (1973), *703 affg. 472 F.2d 561 (5th Cir. 1973), affg. a Memorandum Opinion of this Court, which we think controls here, the Supreme Court allowed a deduction only for expenses incurred in addition to normal commuting costs because the tools were being carried. [8] See also Feistman v. Commissioner, 63 T.C. 129, 135 (1974), appeal dismissed 587 F.2d 941 (9th Cir. 1978). Therefore, an allocation of costs between personal and additional business expenses would be appropriate if petitioner could show that he would have used a less expensive means of transportation if he did not have to carry his tools. Although petitioner testified that he found the public transportation system as convenient and relatively comparable in time to driving, we are not convinced, on this record, that petitioner would have traveled by bus and/or subway if he did not have to transport his tools. This is especially true where petitioner was required to travel between several job sites in one day. Furthremore, the issuance of the parking pass and the payment of parking tickets made the option to drive much more convenient. As we said in Feistman v. Commission,supra: *704 It is not enough, however, that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. Thus, if he would have driven to work in any event, the fact that he carries "tools" with him is not an additional expense, and no part of the commuting cost is deductible. * * * [63 T.C. at 135.] Petitioner also testified that he installed heavy duty springs and shocks in his car because of the weight of the tools. However, at a minimum, he needed to prove the cost and the date of installation of the springs and shocks to obtain a deduction for them as an additional cost. No such evidence was presented. Nor was any evidence presented to prove that any additional expenses were incurred in driving his car to work because of carrying his tools. Consequently, we are unable to allow any deduction under section 162. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to General Order No. 6, dated March 8, 1978, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
3. Since Rose Lopa is a party to this proceeding solely by virtue of having filed a joint Federal income tax return with her spouse, Vito Lopa will be referred to herein as petitioner.↩
4. Petitioner was also employed by G & S Electric Co. and T. Frederick Jackson, Inc., for which he received small amounts of salary.↩
5. Petitioner worked 131 days from January 1, 1975, to August 31, 1975, and 75 days from September 1, 1975, to December 31, 1975. ↩
6. The representative locations include: Franklin D. Roosevelt High School, New Utrecht High School, Junior High School 201, Junior High School 259, Junior High School 227, Public School 104, Public School 127, Public School 160, Public School 170, Public School 176, Public School 179, Board of Education Offices at 65 Court Street.↩
7. Rev. Rul. 63-100, 1963-1 C.B. 34, has been revoked by Rev. Rul. 75-380, 1975-2 C.B. 59. However, Rev. Rul. 75-380↩ does not apply to taxable years before January 1, 1976.
8. There is no proof in this record as to what expenses were incurred, in addition to normal commuting costs, attributable to the carrying of tools.↩