STEVEN A. MEIERS AND BARBARA A. MEIERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meiers v. Commissioner
Docket No. 12438-80
United States Tax Court
T.C. Memo 1982-51; 1982 Tax Ct. Memo LEXIS 693; 43 T.C.M. (CCH) 454; T.C.M. (RIA) 82051; February 8, 1982. Steven A. Meiers, pro se. Christine Barish, for the respondent. DRENNEN
MEMORANDUM FINDINGS *694 OF FACT AND OPINION DRENNEN, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. FINDINGS OF FACT AND OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency of $ 3,653 in petitioners' 1977 Federal income tax. The issues for decision are (1) How should the total purchase price of two condominium properties acquired by petitioners during the taxable year be allocated between land and buildings for depreciation purposes; (2) whether an $ 850 fee paid by petitioners in connection with their acquisition of each of the two condominiums is deductible or must be capitalized; and (3) whether parking fees paid by petitioner-husband are deductible business expenses. Some of the facts have been stipulated by the parties in a written stipulation and orally at the beginning of the trial and are found accordingly. Petitioners resided in Los Angeles, California, when they filed their petition in this case. Depreciation Issue
During 1977, petitioners purchased *695 for investment purposes two condominium properties known as the Via Serena property and the Calle Sonora property. Petitioners paid $ 63,000 for the Via Serena property, and $ 48,000 for the Calle Sonora property. On their 1977 return and for depreciation purposes, petitioners allocated 80 percent of the total cost of both the Via Serena and Calle Sonora properties to the buildings involved, and 20 percent to land. Respondent determined that the allocation of cost between buildings and land should be 55/45 for the Via Serena property, and 49/51 for the Calle Sonora property. There is no dispute as to the law involved in this issue. The total purchase price should be allocated between the land and the buildings in the same ratio as the value of each component bears to the value of the property as a whole, as of the acquisition date in May 1977. Section 1.167(a)-5, Income Tax Regs.; Randolph Building Corp. v. Commissioner,67 T.C. 804, 807 (1977). The question is purely a factual one as to the appropriate and reasonable values of the land and buildings. Respondent based his allocation solely upon the local property tax assessor's relative valuation of the *696 land and buildings. We believe that there is insufficient evidence to establish that the assessor's relative valuations should carry much, if any, probative value in this case. The evidence shows that the assessor's values for the entire properties are grossly disproportionate to the actual purchase price of the properties. There is no evidence in the record that the assessor's allocations of value between land and building comport with reality, any more than these total valuations. Accordingly, we decline to give the allocations of the assessor weight in reaching our conclusion. Petitioners based their allocation upon the investigation of petitioner Steven Meiers regarding estimated building replacement costs as of 1977. We conclude that petitioner's valuation had a reasonable basis and was much closer to the mark than respondent's, and we hold for petitioners on this issue. Deductibility of Condominium Fee
Each of the condominiums acquired by petitioners were located in retirement communities. Each community required, as a condition of the transfer of ownership of a condominium in the community, that the purchaser pay an $ 850 fee to a nonprofit corporation which *697 served to handle all the maintenance, upkeep, and security of the condominiums. After the initial purchase, the condominium owner was required to pay a monthly fee to the nonprofit corporation, which in turn paid a management firm to handle the running of the community. Petitioners deducted the $ 850 fee paid in connection with each condominium acquisition as a "transfer fee" in arriving at the net loss from the 1977 operation of the condominiums. Respondent disallowed the deduction and treated it as a capital expense, recoverable only through depreciation of the buildings. The cost of acquisition of real property having a useful life substantially beyond the taxable year must be capitalized under section 263. [1]Section 1.263(a)-2, Income Tax Regs. Included as acquisition costs for purposes of this rule are expenditures which result in the taxpayer's acquisition of a capital asset, such as survey fees, attorney's fees for drafting documents, and real estate commissions. Godfrey v. Commissioner,335 F.2d 82 (6th Cir. 1964); Burman v. Commissioner,23 B.T.A. 639 (1931). While the fees in issue here are not completely analogous to the items set *698 forth above, we believe that they were, nevertheless, incident to the acquisition of the properties and must be considered as part of the properties' acquisition cost. Petitioners themselves categorized the costs as a "transfer fee" on their return, and petitioner Steven Meiers referred to the fee in his testimony at trial as "in the nature of a commission." The relevant documents submitted on their face indicate the fee was for membership in the nonprofit corporation, a membership which continued beyond the taxable year. We have considered petitioners' argument that the fees were used by the association as a means to obtain additional funds for maintenance and upkeep expenses, and, according to petitioners' understanding, the fees were in fact used by the association for these purposes. However, without more specific evidence that the fees were in the nature of a payment of expenses used during the taxable year, we conclude that petitioners have failed to sustain their burden of showing that the fees qualify for an ordinary deduction. Parking Fees
Petitioner *699 Steven Meiers was a member of a law firm during the year 1977 and prior years. The law firm had a policy of requiring partners to have their personal automobile available near the office during working hours for travel in connection with firm business, and required the partners to purchase their own automobiles and pay their own parking fees. Mr. Meiers used his automobile to travel from home to work, and paid $ 629 to park the automobile near his firm's offices. Respondent disallowed the petitioners' deduction of the parking fees. We agree with respondent. In Feistman v. Commissioner,63 T.C. 129, 135 (1974), we held that where petitioner's employer required petitioner to have his automobile available for use at work, petitioner's automobile expenses were nevertheless nondeductible and must be considered as commuting expenses, absent proof that petitioner would not have driven his automobile to his place of employment in any event. While Mr. Meiers alluded to the possibility of his taking the bus rather than driving his automobile at least part of the time during the taxable year if he were not required to have the automobile available at work, this evidence *700 is simply insufficient to take the parking fees out of the commuting expense category and convert them into deductible business expenses. The authorities cited by petitioners do not support a contrary conclusion. The first, Sullivan v. Commissioner,T.C. Memo. 1980-248, allowed a deduction for parking fees incurred by an attorney, but the fees involved were those incurred in connection with trips from petitioner's office in Farmington Hills, Michigan, to the Federal Building in downtown Detroit. We held these fees to be deductible as "local transportation costs" under section 1.162-1(a), Income Tax Regs. Likewise, Rev. Rul. 73-91, 1973 C.B. 71 does not support a deduction for the expenses here in issue, but merely concluded that amounts deposited in District of Columbia parking meters are not deductible as taxes under section 164, but, providing they meet the other requirements of section 162(a), are deductible as business expenses. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩