ILA C. BEARDS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beards v. Commissioner
Docket No. 16071-81.
United States Tax Court
T.C. Memo 1984-438; 1984 Tax Ct. Memo LEXIS 236; 48 T.C.M. (CCH) 890; T.C.M. (RIA) 84438; August 14, 1984. *236 Held, although petitioner had to carry her books to and from work, her commuting expenses were solely personal and not incurred in carrying on any trade or business. Thus, secs. 162(a) and 167, I.R.C. 1954, are not applicable and no deduction for her automobile expenses is allowed. Held further, petitioner is not allowed an investment tax credit on her car because it was not sec. 38 property. Ila C. Beards, pro se. John E. Becker, Jr., for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated April 9, 1981, respondent determined a deficiency of $2,254 in petitioner's Federal income tax for the taxable year ended December 31, 1978. After concessions, the issues before us are: (1) whether petitioner is entitled to depreciation on her automobile and deductions for automobile expenses incurred while operating it between her home and her place of employment, and (2) whether petitioner is entitled to an investment tax credit on her automobile. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and supplemental stipulation of facts, together with the exhibits attached thereto, *237 are incorporated herein by this reference. Petitioner, Ila C. Beards, resided in Scarsdale, New York at the time she filed her petition in this case. She filed a timely income tax return for 1978 with the appropriate office of the Internal Revenue Service. In 1978, petitioner was employed as an associate professor at the Borough of Manhattan Community College, The City University of New York.The college had five buildings which were located in both the uptown and downtown parts of New York City. Petitioner used taxis to travel between the various buildings of the college. [1]
At this college, petitioner taught Pitman and Gregg stenography, legal and executive advanced options, medical and regular typing, office practice, and other business subjects. These classes were taught by petitioner in the afternoons and evenings on Monday through Thursday. [2] On Fridays, petitioner attended meetings or performed other non-teaching functions at the college. The one-way distance *238 between petitioner's residence and New York City is approximately 30 miles. Petitioner almost exclusively drove her car to and from work [3] transporting, in two expandable cases, books necessary to teach her classes. Petitioner, in transporting her books, incurred no added expense in the cost of operating her automobile above that which she would have incurred if she had commuted to work by car without the books. It was necessary for petitioner to carry her teaching materials to and from school because she did not have access to storage or work areas at the college. On the days petitioner taught, she would leave home at 12:00 noon and school at 10:00 p.m. The driving time was approximately one hour each way. If petitioner had gone to work by public transportation, it would have been necessary for her to walk 3 blocks to the bus stop, ride the bus for 10 to 30 minutes, take the train to Grand Central Station, and walk 12 blocks to school. To get home from work without her car, petitioner probably would have to take a taxi from school to the train, ride the train, ride the bus, and walk 3 blocks to her home. The *239 train petitioner would have taken was the Harlem Line, Harlem Division, which made approximately 12 local stops between Grand Central Station and the bus stop. This trip home by public transportation would have taken approximately 1-1/2 hours. On her 1978 tax return, petitioner claimed the following deductions and credit which are at issue before the Court: Item
Amount
Schedule C Automobile Expenses
$4,032.25
Schedule C Automobile Depreciation
3,465.00
Investment Credit (Automobile)
462.00
In the notice of deficiency, respondent disallowed these expenses on the grounds they were personal expenditures. OPINION Section 162(a) [4] provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 262 provides that, except as otherwise provided, no deduction is allowed for personal, living, or family expenses. Generally, the cost of commuting between a taxpayer's residence and his place of employment is a personal expense and nondeductible. *240 Secs. 1.62-1(g), 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.; Fausner v. Commissioner,413 U.S. 838, 839 (1973); Commissioner v. Flowers,326 U.S. 465, 470 (1946). This rule is subject to an exception, however, where employees incur expenses in addition to their ordinary costs of commuting because their employer requires them to transport job-related tools to and from work. [5] In Fausner v. Commissioner,supra at 839, the Supreme Court said: Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. We cannot read § 262 of the Internal Revenue Code as excluding such expense from "personal" expenses because by happenstance the taxpayer must carry incidentals of his occupation with him. Additional expenses may at times be incurred for transporting job-required tools and material to and from work. Then an allocation of costs between "personal" and "business" expenses may be feasible. * * * [Emphasis added; fns. omitted.] Unfortunately, the Court did not provide guidance as to what circumstances trigger an allocation, but it is clear that an additional *241 expense must first be incurred before any allocation issue will arise. [6] In Feistman v. Commissioner,63 T.C. 129, 135 (1974), the Court elaborated on the meaning of additional expense. There the Court stated: It is not enough, howeer, that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. Thus, if he would have driven to work in any event, the fact that he carries "tools" with him is not an additional expense, and no part of the commuting cost is deductible. * * * Petitioner claims it was necessary for her to transport her books to and from school. [7] She maintains that these books were too heavy for her to carry on public transportation. Thus, she asserts she drove to work solely because she was required by her employer to transport her teaching materials and not because of personal considerations. Petitioner has the burden of proof, [8] and her position is not supported by the record. We are not convinced petitioner would have traveled by public transportation if she did *242 not have to transport her books. [9] We find that petitioner could have carried her books on public transportation but chose to drive because of safety, convenience, and other personal considerations. Since petitioner would have driven to work whether or not she carried her books, she incurred no additional expense. Her commuting expenses were solely personal in nature and not incurred in carrying on any trade or business. Thus, sections 162(a) and 167 are not applicable and no deduction for her automobile expenses is allowed. [10] Furthermore, petitioner is not allowed an investment tax credit on her car because it was not section 38 property. Decision will be entered under Rule 155.
Footnotes
1. Petitioner was allowed a deduction for these nonreimbursed costs.↩
2. Petitioner taught classes between the hours of 2:00 p.m. and 10:00 p.m. The record, however, is vague regarding the number of classes she taught each day.↩
3. Petitioner occasionally stopped to shop on her way home from work.↩
4. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
5. McLaughlin v. Commissioner,T.C. Memo. 1982-636↩.
6. McLaughlin v. Commissioner,supra.↩
7. Respondent does not contest this fact.↩
8. Welch v. Helvering,290 U.S. 111↩ (1933). 9. Petitioner did not teach classes on Fridays, yet she failed to show that she regularly took public transportation on those days.↩
10. At trial, petitioner presented another argument for the deductibility of her automobile commuting expenses, namely, that respondent had allowed such expenses in prior years. Petitioner's argument is without merit.↩