46 F.3d 1141
 75 A.F.T.R.2d 95-572, 95-1 USTC P 50,056
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry GERMAN, Jr. and Carol German, Petitioners-Appellants,
v.
COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70439.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1994.
Submission Vacated Dec. 21, 1994.
Resubmitted Jan. 3, 1995.
Decided Jan. 9, 1995.
 
 Before: TANG, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harry and Carol German appeal the Tax Court's determination that the Commissioner properly recaptured in 1988 interest deductions wrongly taken by the Germans in 1985 and 1987. We have jurisdiction, 26 U.S.C. Sec. 7482(a)(1), and we affirm.
 
 
 3
 The Germans applied the "Rule of 78's" accrual method of tax accounting to their law student loans to deduct greater amounts in interest deductions than they in fact paid. In 1988 the Commissioner made them change to the cash method of accounting and added back into their 1988 income the deductions that they had incorrectly taken in earlier years.
 
 
 4
 The Germans claim that the Commissioner failed to meet her burden of proof on four issues, requiring reversal of the Tax Court.
 
 
 5
 * The Germans argue that the Commissioner failed to show that the Rule of 78's accrual accounting did not clearly reflect their income. The Commissioner, however, demonstrated that the Germans paid only $840 in interest in 1985 yet took over $29,000 in interest deductions that year. This satisfies the Commissioner's minimal burden of proof:
 
 
 6
 The Commissioner has broad powers in determining whether accounting methods used by a taxpayer clearly reflect income. Since the Commissioner has much latitude for discretion, his interpretation of the statute's clear-reflection standard should not be interfered with unless clearly unlawful.
 
 
 7
 Thor Power Tool Co. v. C.I.R., 439 U.S. 522, 532 (1979) (citations and quotations omitted).
 
 II
 
 8
 The Germans argue that because the Commissioner failed to introduce any evidence relating to the educational deduction issue, she has failed to meet her burden of proof. The Germans' argument, however, fails as a matter of law; there was no need for the Commissioner to introduce any evidence. Training which qualifies a person for a new trade or business is not a deductible expense under 26 U.S.C. Sec. 162. Sharon v. C.I.R., 591 F.2d 1273, 1275 (9th Cir.1978), cert. denied 442 U.S. 941 (1979). That the Germans never passed the bar, and therefore did not in fact begin a new trade or business, is irrelevant. Feistman v. Commissioner, 63 T.C. 129, 133 (1974) (no deduction even though law school graduate failed bar twice).
 
 III
 
 9
 To change from the cash method of accounting, which the Germans employed before 1985, to the accrual method of accounting requires the approval of the IRS. 26 U.S.C. Sec. 446(e). Although the Germans failed to obtain this consent before switching to the accrual method, they argue that the Auditor's acceptance of their accrual method return for 1985 constituted IRS approval of their change of accounting. We need not reach this issue since the Commissioner may change a taxpayer's accounting method, and make appropriate adjustments under 26 U.S.C. Sec. 481(a), regardless of her prior consent to another method. Moreover, contrary to the Germans' contention, this statutory authority also serves to override any estoppel argument that a taxpayer might otherwise offer.
 
 IV
 
 10
 The Germans argue that because $6,689 of their 1985 deductions were due to a math error, the Commissioner may not recapture that amount under Sec. 481(a), which relates to accounting method changes. Because the Germans raised this issue for the first time in their reply brief, we decline to consider it.
 
 
 11
 The decision of the tax court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3