T.C. Memo. 2021-28

UNITED STATES TAX COURT

CLARENCE J. MATHEWS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11829-14.                          Filed March 9, 2021.

Clarence J. Mathews, pro se.

<u>Christopher D. Bradley</u>, for respondent.

[*2]         MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, Judge:  Respondent determined a deficiency in, and a section

6662(a)[1] accuracy-related penalty with respect to, petitioner's 2011 Federal

income tax of $8,762 and $1,752, respectively.

FINDINGS OF FACT

Petitioner resided in Georgia when he filed the petition.[2]  Petitioner hired

Linda Everett to prepare and file his 2011 Form 1040, U.S. Income Tax Return.

On his return petitioner reported pension income as well as wage income.  During

2011 petitioner was employed at a trucking company in Albany, Georgia, between

70 and 75 miles from where he resided.

Petitioner also reported a business loss that reduced his total income by

$20,030.  The business income and expenses were reported on petitioner's original

---

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.  Petitioner bears the burden of proof.  See Rule 142(a).

[2]On July 22, 2015, respondent filed a motion for order to show cause why proposed facts and evidence should not be accepted as established pursuant to Rule 91(f).  The Court granted respondent's motion to show cause and by order dated September 3, 2015, made its order absolute.  Thus the facts and evidence set forth in respondent's proposed stipulation of facts were deemed to be established for the purposes of this case.

**[*3]** 2011 return on Schedule C, Profit or Loss From Business, for Beulah Missionary BA. The Schedule C describes petitioner's business/profession as "Minister" and shows $11,200 in income and $31,230 in expenses. The expenses consist of $26,462 in car and truck, $612 in repairs and maintenance, $2,094 in meals and entertainment expenses, and $2,062 in other expenses.

Respondent issued a notice of deficiency to petitioner for the 2011 tax year on February 18, 2014. Respondent disallowed the Schedule C expense deductions and, because of the income reported on the Schedule C, determined self-employment tax of $1,300.[3] In response petitioner submitted an amended return for the 2011 tax year. Petitioner wrote on the amended return that he was correcting overpayment of 2011 tax and mathematical errors made by his paid tax preparer. Petitioner replaced the Schedule C with Form 2106, Employee Business Expenses. The amended return recharacterizes the Schedule C expenses as employee business expenses. Respondent received the amended tax return on May 21, 2014, but did not accept it.

Trial was held in Atlanta on September 14, 2015. Petitioner had no mileage log or evidence to corroborate his reported employee business expenses. At trial petitioner referenced certain receipts but did not submit any such receipts to the

---

[3]Respondent also determined a self-employment tax deduction of $748.

[*4] Court. Petitioner also testified that the car and truck expenses represented mileage back and forth from his job. In other words the car and truck expenses reported on both the original and amended returns were expenses incurred driving from his residence to the location of the trucking company.

Finally, petitioner testified that his preparer should not have filed a Schedule C. At trial petitioner did not know what a Schedule C was or whether he had any responsibilities or requirements in relation to the Schedule C, and he asked how the Schedule C affected his job as a truck driver. He testified that the preparer should have reported only his "regular", or wage, income and the pension amount. In support petitioner provided a letter from the Reverend J.H. Reynolds, pastor of Beulah Missionary Baptist Church.[4] Although the letter refers to petitioner as "Minister Clarence J. Mathews", it explicitly details that petitioner "did not receive a Form W-2, Wage and Tax Statement, from Beulah Missionary Baptist Church because he is not employed as a paid minister of Beulah Missionary Baptist Church." In addition the letter states that petitioner donated to the Church the sum of $2,018 for taxable year 2011.

---

[4]At trial respondent objected to the introduction of the letter into evidence on the basis of relevance. The letter is relevant in determining whether petitioner received self-employment income and is therefore liable for self-employment tax and the related deduction. See Rule 143; Fed. R. Evid. 401.

[*5]                                    OPINION

Deductions are a matter of legislative grace, and taxpayers must satisfy the statutory requirements for receiving any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction. See also Ronnen v. Commissioner, 90 T.C. 74, 102 (1988); sec. 1.6001-1(a), (e), Income Tax Regs. It is also the taxpayer's burden to prove that the Commissioner's determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

As a general rule, expenses for traveling between one's home and one's place of business or employment are commuting expenses and, consequently, nondeductible personal expenses. See sec. 262(a); Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946); Feistman v. Commissioner, 63 T.C. 129, 134 (1974); Bogue v. Commissioner, T.C. Memo. 2011-164, 2011 WL 2709818, at *5. Petitioner testified that the reported mileage was for his commuting expenses. Accordingly, we sustain respondent's disallowance of any deduction for $26,462 in car and truck expenses.

We also sustain respondent's determination with regard to the remaining expense deductions of $2,094 for meals and entertainment expenses, $612 for

**[\*6]** repairs and maintenance expenses, and $2,062 for other expenses. Petitioner did not testify as to the nature of these expenses. Petitioner failed to provide documentation or evidence to support their business purpose or the amounts reported. Therefore petitioner has not met his burden to satisfy the requirements for claiming the deductions. See sec. 6001; Rule 142; sec. 1.6001-1(a), (e), Income Tax Regs.

We do not, however, sustain respondent's determination of self-employment tax. We find that petitioner did not receive the $11,200 in income reported on the original return's Schedule C. We are persuaded by petitioner's testimony that the Schedule C should not have been filed. We are also persuaded by the letter from the pastor of Beulah Missionary Baptist Church detailing that there was no Form W-2 issued to petitioner because there was no payment.

Finally, respondent determined that petitioner is liable for the accuracy-related penalty under section 6662(a) and (b)(1) and (2), which is equal to 20% of the portion of an underpayment of tax required to be shown on a return that is attributable to "[n]egligence or disregard of rules or regulations" and/or a "substantial understatement of income tax." Negligence includes "any failure to make a reasonable attempt to comply with the provisions of this title". Sec.

**[\*7]** 6662(c). An understatement is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Petitioner is not liable for the penalty under section 6662(a) if the record does not show that it was properly determined by respondent. See Graev v. Commissioner, 149 T.C. 485, 492-493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). In order to meet the burden of production for this penalty, respondent must show that there was written supervisory approval of the initial penalty determination. See secs. 6751(b)(1), 7491(c); Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; Graev v. Commissioner, 149 T.C. at 492-493. The record contains no evidence of the requisite supervisory approval for this penalty. Thus, respondent did not meet the burden of production, and petitioner is not liable for the accuracy-related penalty for 2011. See Oliveri v. Commissioner, T.C. Memo. 2019-57; Platts v. Commissioner, T.C. Memo. 2018-31; Ford v. Commissioner, T.C. Memo. 2018-8, aff'd, 751 F. App'x 843 (6th Cir. 2018).

In summary, petitioner is not entitled to the claimed expense deductions for 2011, did not receive self-employment income and therefore is not liable for

**[*8]** self-employment tax or entitled to the related self-employment tax deduction,

and is not liable for the accuracy-related penalty.  Accordingly,

<u>Decision will be entered under</u>

<u>Rule 155</u>.